452 F.2d 1005
 Curtis Eugene ROWLAND, Inmate, Nebraska Penal and
Correctional Complex, Pen Unit, Appellant,
v.
Ronald B. JONES, Associate Warden, Nebraska Penal and
Correctional Complex, Pen Unit, Appellee.
Curtis Eugene ROWLAND and Charles McClelland, Inmates of the
Pen Unit of the Nebraska Penal and Correctional
Complex, Appellees,
v.
Warden Maurice H. SIGLER, Nebraska Penal and Correctional
Complex, Appellant.
 Nos. 71-1299, 71-1361.
 United States Court of Appeals,
Eighth Circuit.
 Dec. 29, 1971.
 
 Curtis Rowland and Charles McClelland, pro se.
 Con Keating, Lincoln, Neb., on brief for appellees Curtis Rowland and Charles McClelland in No. 71-1361.
 Clarence A. H. Meyer, Atty. Gen., and C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for Ronald B. Jones and Maurice H. Sigler.
 Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.
 PER CURIAM.
 
 
 1
 Two issues are framed in these consolidated appeals: (1) whether state prison authorities may deny access to a newspaper entitled "Muhammad Speaks" and (2) whether a prisoner in the maximum security unit may be denied access to a medallion bearing the picture of Dr. Martin Luther King and the inscription "I have a dream."
 
 
 2
 The district court ruled that the prison restrictions as to the newspaper constituted prior restraint and were violative of the First Amendment. However, the court held the restrictions imposed as to possession of medals worn around the neck to be within the discretion of prison authorities by reason of their potential danger as a weapon.
 
 
 3
 We affirm the district court's analysis and result reached on both issues. 327 F.Supp. 821 (D.Neb.1971). In so doing we repeat the court's admonition drawn from Walker v. Blackwell, 411 F.2d 23, 29 (5 Cir. 1969), regarding access to reading materials:
 
 
 4
 "This is not to say, of course, that the warden cannot invoke security measures to screen out possible messages and contraband from the pages. Further, should the newspaper ever develop a substantially inflammatory effect on prison inmates, it is at the warden's discretion to take action designed to avoid imminent prison violence."
 
 
 5
 Likewise, we find the district court's ruling as to the medallion worthy of emphasis. The court, in upholding the discretion of prison officials in deciding what jewelry might be dangerous, ruled that there should be no discrimination in the application of this policy. The state argues that access should be denied on the ground that the medal does not qualify as a religious symbol. We reject as an intrusion of a prisoner's First Amendment rights the granting of possession of some medals and not others contingent upon their meeting an official standard of religious orthodoxy. Cf. United States v. Seeger, 380 U.S. 163, 184, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); United States v. Ballard, 322 U.S. 78, 86, 64 S.Ct. 882, 88 L.Ed. 1148 (1944); In re Weitzman, 426 F.2d 439, 458 (8 Cir. 1970) (concurring opinions of Judge Lay and Judge Heaney).
 
 
 6
 Judgment affirmed.