**UNITED STATES of America ex rel. Donato D. MANICONE, Petitioner,**

v.

**Phillip F. CORSO, Sheriff and James F. Cleary, Warden, Suffolk County Jail, County of Suffolk, State of New York, Respondents.**

No. 73–C–1389.

United States District Court, E. D. New York.

Nov. 8, 1973.

Donato D. Manicone, pro se.

George W. Percy, Jr., County Atty., Suffolk County, Riverhead, N. Y., Michael Gross, Asst. Co. Atty., of counsel, for respondents.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Petitioner claims that he has been denied effective medical assistance. He has brought a series of such petitions and in each case hearings and other examinations have revealed that there is no basis in fact for the allegations. Extensive medical records indicate that he has been treated extensively for his ailments. As to these claims, the petition is dismissed.

Allegations are also made that "petitioner is denied the right to read a newspaper."

Respondents do not deny this claim. They seek to justify their position on the ground that "free access to newspapers have [sic] disruptive effects upon the prisoners, particularly, when news events deal with crimes, police activities and accounts dealing and pertaining to the case of the inmate. In addition thereto, the accumulation of newspaper raises a serious problem of fire prevention and control."

The physical problems of fire control can be met by less restrictive means than total censorship. The incendiary nature of ideas and facts published in newspapers is sometimes bothersome to those in authority; under our Constitution, such inconvenience is unavoidable.

There is no basis for total restrictions on prisoners' access to the news in view of their clear First Amendment rights. See, e. g., Wilkinson v. Skinner, 462 F.2d 670, 673 n. 5 (2d Cir. 1972) ("refusal to deliver a newspaper would ordinarily be interference with appellant's first amendment rights"); Hoggro v. Pontesso, 456 F.2d 917 (10th Cir. 1972); Rowland v. Jones, 452 F.2d 1005 (8th Cir. 1971); Brown v. Peyton, 437 F.2d 1228 (4th Cir. 1971); Sostre v. Otis, 330 F.Supp. 941 (S.D.N.Y.1971); Fortune Society v. McGinnis, 319 F.Supp. 901 (S.D.N.Y. 1970); M. G. Hermann and M. G. Haft, Prisoners' Rights Sourcebook, S. A. Bass, First Amendment Rights 70 (1973). Even those who have been convicted remain "persons" under the Constitution. A fortiori that is true of those in county jails, most of whom are awaiting trial and presumed to be innocent. Id., S. A. Bass, Improving Conditions in Pretrial Detention Facilities, 126.

Respondents must permit petitioner reasonable access to current newspapers. They shall make copies of newspapers normally read by people residing in Suffolk County available at reasonable times in the library or other places at the institution's expense. These papers include the Long Island Press, New York Daily News, New York Times, and Newsday. Free access is required because those who are incarcerated cannot readily purchase or borrow newspapers as can those outside the jail walls. Respondent shall also permit petitioner to receive any newspaper directly from the publisher through the mail at his own expense.

So ordered.