Harry NORTHERN, Plaintiff-Appellant,

v.

Louis S. NELSON, Defendant-Appellee.

No. 26357.

United States Court of Appeals,
Ninth Circuit.

Sept. 22, 1971.

J. Roger Beers (argued), of Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiff-appellant.

Robert R. Granucci, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal., Atty. Gen., Edward P. O'Brien, Deputy Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before WEICK*, BROWNING, and WRIGHT, Circuit Judges.

## ORDER

The district court, 315 F.Supp. 687, granted injunctive relief on appellant's complaint under 42 U.S.C. § 1983, alleging infringement by prison authorities of his right to the free exercise of the Muslim religion. However, the court dismissed appellant's claim for damages.

Appellant argues that a cause of action for damages under the Act may be based upon a denial of religious freedom, citing Williford v. California, 352 F.2d 474 (9th Cir. 1965); DeWitt v. Pail, 366 F.2d 682, 686 (9th Cir. 1966); and Wilson v. Prasse, 404 F.2d 1380 (3d Cir. 1968). Appellee accepts this legal proposition, but argues that appellant's damage claim was properly denied as de minimis. We agree.

The original complaint did not request damages. Damages were mentioned briefly in a memorandum filed in support of the complaint by appellant's appointed counsel. The court subsequently held four hearings to consider and rule upon the contentions of the parties and to work out a decree. Only once, in the third of these hearings, were damages mentioned. The court said, "That just about wraps up everything except damages. As to the seven copies of the newspaper [seven copies of "Muhammad

---

* Honorable Paul C. Weick, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Speaks," allegedly confiscated by prison authorities], I would say the damages are de minimis and would be denied." Counsel for appellant responded, "May I request that at least his seven copies be returned or that he be credited with a dollar five cents." The court then ruled, "They can be returned. There is no reason why they shouldn't. If they still have the newspapers, give them to him. If they haven't, the damages are de minimis" (Tr. 17).

Nothing further was said on the subject.

■■ On this record, any claim for damages other than for the value of the newspapers was waived, and the claim for the latter was, indeed, de minimis.

Affirmed.