Eddie HOGGRO et al., Plaintiffs-Appellants,

v.

Arnold E. PONTESSO, Director of the Department of Corrections, State of Oklahoma, et al., Defendants-Appellees.

No. 71–1535.

United States Court of Appeals, Tenth Circuit.

March 21, 1972.

Irvin M. Kent, Denver, Colo., for appellant Eddie Hoggro.

H. L. McConnell, Atty. Gen., of Oklahoma (Larry Derryberry, Atty. Gen. of Oklahoma, on the brief), for appellees.

Before HILL, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The appellants are inmates of the Oklahoma State Penitentiary at McAlester. They filed an action in the United States District Court for the

Eastern District of Oklahoma pursuant to 42 U.S.C. § 1983. The cause is before us following its having been dismissed without an evidentiary hearing. Appellants are members of the Muslim faith as the same is interpreted and taught by Elijah Muhammad.

The complaints are that the prison officials are interfering with the exercise of appellants' rights to practice or exercise their religion. Specifically, it is alleged that they have been denied freedom of religion, speech and peaceful assembly; that they have been denied certain publications, including *Muhammad Speaks*, the *Holy Quran* and *Message to the Black Man*; that they have been denied access to the mails so as to be able to communicate with Elijah Muhammad; have been denied a qualified Muslim minister; and have been denied diet or foods which are required by their religion.

The trial court ordered the dismissal, stating that from an examination of the file the proceeding constituted an attempt by the plaintiffs to relitigate matters involved in a prior proceeding. On that former occasion the court conducted an evidentiary hearing and, in fact, the institution changed its policy following the hearing. However, this was some time ago and some of the plaintiffs are not the same individuals who were involved in that case.

■ We are, of course, reluctant to intervene in matters of prison administration. However, the cases require that petitions alleging infringement of constitutional rights must be considered on their merits. See Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969). In the cited case, the opinion of Chief Judge Murrah pointed out that a prisoner does not lose all of his constitutional rights by entering the institution. The opinion went on to say:

    * * * [W]e have never turned a deaf ear to a bona fide claim for relief based upon the deprivation of a

constitutional right when asserted by a federal or state prisoner, either in the nature of a mandamus or habeas corpus proceeding or, as here, a claim under the Civil Rights Act. 417 F.2d at 506.

See also Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and Dearman v. Woodson, 429 F.2d 1288 (10th Cir. 1970).

In Cooper v. Pate, *supra*, the Supreme Court reversed an order of dismissal and held that allegations similar to those presented in the case at bar state a claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The subsequent cases have recognized the need for an evidentiary inquiry in order to ascertain whether in fact and in law the First Amendment rights of the petitioners have been violated.

The allegations of the complaint are vague and somewhat ambiguous. Thus, it is impossible to tell whether the claim is that the *Holy Quran* has been affirmatively suppressed or, on the other hand, whether it has not been supplied to the inmates at state expense. The same is true of the other literature which they are seeking. Moreover, the extent to which they have been deprived of exposure to a minister of their faith is not set forth and hence the extent of the violation, if any of this matter, requires an evidentiary hearing. The Supreme Court has held that the standards are less stringent in a pro se complaint than in pleadings drafted by lawyers. See Haines v. Kerner, *supra*.

In Brown v. Peyton, 437 F.2d 1228, 1231, 1232 (4th Cir. 1971), it was held that a complaint such as the one at bar requires that there be an evidentiary hearing, for the merit or lack of merit can only be ascertained from a view of the evidence. See also Walker v. Blackwell, 411 F.2d 23, 24 (5th Cir. 1966), Cooper v. Pate, *supra*, and Northern v.

Nelson, 315 F.Supp. 687 (N.D.Cal.1970), aff'd 448 F.2d 1266 (9th Cir. 1971).

The cases are somewhat divided as to the right of an inmate to receive at his own expense and to possess a copy of Message to the Black Man and Muhammad Speaks. Brown v. Peyton, 437 F.2d 1228, 1232 (4th Cir. 1971); Knuckles v. Prasse, 435 F.2d 1255, 1256 (3rd Cir. 1970); Walker v. Blackwell, 411 F.2d 23, 28, 29 (5th Cir. 1969). It seems clear though that the state would have the burden of showing that this literature in its present form possesses a clear and present danger of a breach of prison security or discipline. Indeed it would seem that the state would have to show with respect to all of these alleged claims that the interest of the state in maintaining order and discipline outweighs the rights of the plaintiffs to freely exercise their First Amendment rights.

Finally, we must hold that the 1968 hearing which was conducted by the trial court in this case does not furnish a sufficient answer to the present complaint since four of the seven plaintiffs here were not parties in the 1968 action. As to the three who were parties, the 1968 hearing could not affect subsequent events or changed circumstances after that date. See Long v. Parker, 390 F.2d 816, 821 (3rd Cir. 1968).

Because of the failure of the trial court to hold a full inquiry and, further, because of the court's failure to determine the issues in accordance with the standards set forth in the cases,[1] including the decision of the Supreme Court in Cooper v. Pate, *supra*, the judgment of the district court is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.

1. See also Barnett v. Rodgers, 410 F.2d 995 (D.C.Cir. 1969), and Cooper v. Pate, 382 F.2d 518 (7th Cir. 1967).