Weldon M. KENNEDY, Petitioner,

Richard B. Reeder and Robert R. Collingwood, Petitioners-Appellants,

v.

Lenard F. MEACHAM, Warden, et al., Respondents-Appellees.

No. 74–1872.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 14, 1975.

Decided Sept. 3, 1976.

Raymond J. Turner, Denver, Colo., for petitioners-appellants.

David A. Kern, Asst. Atty. Gen., Cheyenne, Wyo. (David B. Kennedy, Atty. Gen. of Wyo., and Jerome F. Statkus, Asst. Atty. Gen., Cheyenne, Wyo., on the brief), for respondents-appellees.

Before HOLLOWAY, McWILLIAMS and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiffs Kennedy, Reeder and Collingwood, inmates of the Wyoming State Penitentiary, filed this civil rights suit against Warden Meacham and other officials of the prison. The *pro se* complaint alleged generally that the defendants have acted to re-

strict the plaintiffs' practice of the Satanic religion in violation of the First Amendment.

Giving a favorable reading to the inartful layman's complaint as we must, in essence the plaintiffs averred that the prison officials have denied them the right to possess necessary ritual items in their cells;[1] have prohibited plaintiffs from posting religious information on the inmate bulletin board, limiting it to being laid on a shelf; have initiated disciplinary measures against plaintiff Reeder for abuse of state issued "legal paper" which he had attempted to post containing religious information; that the disciplinary court reduced the charge on this incident to "possession of contraband material", and imposed 30 days' probation; that prison authorities have imposed differing disciplinary measures against Reeder than were applied to other inmates, in retaliation for his beliefs; and that they have not permitted plaintiffs to have a religious study group of the Satanic religion.

The plaintiffs further alleged that the defendants have discriminated against Satanist inmates in assigning prison employment and have generally harassed plaintiffs because of their religious practices. The plaintiffs seek declaratory and injunctive relief, and compensatory and punitive damages.

With their complaint the plaintiffs also filed a motion, with accompanying affidavits, seeking an order permitting them to proceed in forma pauperis and requesting the appointment of counsel to represent the plaintiffs (R. 17–20). They also moved, pursuant to 28 U.S.C.A. § 144, for disqualification of the presiding District Judge for alleged personal bias (R. 21–23).

After filing of the complaint and before any responsive pleading was filed, the District Judge granted the motion to proceed in forma pauperis, denied appointment of counsel, denied the motion to disqualify, and dismissed the case (R. 35).

In an accompanying memorandum the court stated that appointment of counsel under 28 U.S.C.A. § 1915(d) is discretionary and that the court may determine whether the claim of a civil action has any merit before appointing counsel; that the allegations accompanying the motion for disqualification were insufficient; that while freedom of religious belief is absolute, freedom of exercise is not; that the restrictions placed on the plaintiffs' right to practice their religion "do not appear to be capricious or arbitrary," and therefore dismissed the complaint. *Kennedy v. Meacham,* 382 F.Supp. 996 (D.Wyo.1974).

The plaintiffs appeal all three rulings,[2] contending that an evidentiary hearing was necessary to decide the merits of their claim; that proper exercise of discretion to appoint counsel depends on an evidentiary hearing determining the merits of the civil suit; and that the refusal to disqualify was erroneous.

## I

### *The motion seeking disqualification*

The affidavits accompanying the disqualification motion complained generally that

---

**1.** Plaintiff Collingwood's affidavit stated he had been denied necessary ritual items including candles, robes, a holy water sprinkler, parchment, a gong, a chalice, incense and a bell. He further said he was not a member of the Church of Satan proper, but is following Dr. Anton Lavey's philosophy to the letter (R. 15).

**2.** Before argument plaintiff Kennedy filed a *pro se* motion requesting that this court ". . . remove his name from the civil rights complaint that is now on appeal . . ." and that he be "allowed to refile on his religious beliefs in the United States District Court, with his name as plaintiff only." A motion to dismiss his appeal was then also filed by appointed

appellate counsel. Construing the motion as one to dismiss his appeal, the appeal of Kennedy was dismissed by this court.

We were also advised at argument that plaintiff Collingwood has been released from prison. However since the plaintiffs seek damages, and since plaintiff Reeder's status remains the same, we find that none of the appellate contentions are moot as to the claims of Collingwood and Reeder. See *Cruz v. Estelle,* 497 F.2d 496, 499 (5th Cir.). Further reference in this opinion to the plaintiffs will thus include Collingwood and Reeder, unless otherwise noted.

the District Judge had displayed bias and prejudice against these plaintiffs through actions in previous cases. They complained of the Judge's rulings in favor of adverse parties in previous cases brought by one of these plaintiffs, and of delays or omissions in the filing and processing of previous cases, which the plaintiffs attributed to the Judge (R. 22, 23).

As 28 U.S.C.A. § 144 requires, the trial court considered only the sufficiency of the factual statements as to bias and prejudice, not going into their accuracy. See *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; *Scott v. Beams,* 122 F.2d 777, 788 (10th Cir.), cert. denied, 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208. The Court found that such allegations concerning adverse rulings and the allegations of delay were not sufficient grounds for disqualification.

■ We agree. Previous rulings by a trial judge that do not show personal prejudice or bias are insufficient to command disqualification. *Knoll v. Socony Mobil Oil Co.,* 369 F.2d 425, 430 (10th Cir.), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138. The statements in the plaintiffs' affidavits here do not point to any extrajudicial sources from which the alleged bias and prejudice arose, and they are therefore insufficient to cause the trial judge to disqualify himself. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778; *Davis v. Cities Service Oil Co.,* 420 F.2d 1278, 1282 (10th Cir.). Nor do the averments of delays or omissions by the Judge show grounds for him to recuse. We sustain the trial court's refusal to disqualify.

## II

### The dismissal of the case

Plaintiffs argue that the trial court erred in dismissing the case without a responsive pleading or any evidentiary hearing. They say that in the context of the facts pleaded, an evidentiary hearing was required on the claim of infringement of First Amendment rights in the exercise of religious practices and beliefs. They point out that the Supreme Court has held that the standards to be applied in considering such a *pro se* complaint are less stringent than when the pleading is prepared by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652.

The respondents' rejoinder consists of two main points: (1) that the facts pleaded in the complaint do not establish that Satanism is a religion; and (2) that the practice of plaintiffs' belief may be limited and was only reasonably restricted, with no prohibition of their belief in Satanism.

*First,* we must reject the contention that the dismissal was proper because no "religion" was involved. The trial court court expressed no such view and instead analyzed the complaint as showing that only reasonable limitations on the exercise of the belief were imposed, apparently either accepting the allegations that for constitutional purposes a religion was involved, or reasoning that even assuming that a religion was involved the restrictions were permissible.

■ We cannot agree with the defendants that, on the basis of this complaint, a court may declare as a matter of law that no religious belief is involved. We are admonished that a complaint should not be dismissed for failure to state a claim unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263; *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, and less stringent standards apply when the pleading is by a layman. *Haines v. Kerner,* supra, 404 U.S. at 520–21, 92 S.Ct. 594.

■ We cannot dismiss the allegations claiming that a "religion" is involved here in the absence of any responsive pleading, affidavits or the like, and no proof or findings thereon, and say that no belief entitled to First Amendment protection is involved. If the defendants by responsive pleadings deny that Satanism is a belief coming within the constitutional guarantee, the plaintiffs' proof may support that element of

their constitutional claim. See *Remmers v. Brewer,* 494 F.2d 1277 (8th Cir.) (upholding findings and conclusions that the Church of the New Song came within protection of the Amendment), cert. denied, 419 U.S. 1012, 95 S.Ct. 332, 42 L.Ed.2d 286; cf. *United States v. Ballard,* 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148 (applying First Amendment principles in a case involving the "I Am" movement). For the Amendment is part of ". . . a charter of government which envisaged the widest possible toleration of conflicting views." Id. at 87, 64 S.Ct. at 886.

The appellate brief of defendants asserts that the facts alleged do not show that Satanism is a religion within the meaning of the Amendment, but in our record there are no averments, proof or findings that a religious belief is not involved, the dismissal having preceded and precluded these developments. With the case in this posture, we cannot dismiss the constitutional claim, as defendants suggest. See *Founding Church of Scientology of Washington v. United States,* 133 U.S.App.D.C. 229, 409 F.2d 1146, 1160.

*Second,* we are not persuaded that a court may hold that the complaint shows that defendants' actions were only lawful limitations on the practice of religious belief, and that no infringement of rights under the Free Exercise Clause occurred.

 It is true that overt acts prompted by religious beliefs or principles are subject to some regulation, *Sherbert v. Verner,* 374 U.S. 398, 403, 83 S.Ct. 1790, 10 L.Ed.2d 965; see *Cantwell v. Connecticut,* 310 U.S. 296, 303–04, 60 S.Ct. 900, 84 L.Ed. 1213, and the circumstance of imprisonment is, of course, a factor that bears on the lawfulness of limitations. *Barnett v. Rodgers,* 133 U.S. App.D.C. 296, 410 F.2d 995, 1000–01. While

in custody inmates have only such rights in practice of their religion as can be exercised without impairing requirements of prison discipline. *Long v. Harris,* 332 F.Supp. 262, 270 (D.Kan.), aff'd, 473 F.2d 1387 (10th Cir.). Again, however, the dismissal was made before there was any assertion by defendants that their actions were taken as necessary security or control measures in the prison, and without any pleading or proof of the surrounding circumstances.

 We are persuaded that the asserted justification of such restrictions on religious practices based on the State's interest in maintaining order and discipline must be shown to outweigh the inmates' First Amendment rights. *Hoggro v. Pontesso,* 456 F.2d 917 (10th Cir.) (holding a hearing required on similar averments concerning the Muslim faith);[3] see also *Cruz v. Beto,* supra, 405 U.S. at 321–23, 92 S.Ct. 1079; *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030. Hence we conclude we must vacate the judgment of dismissal and remand for further proceedings. If it is determined that the practice of a religious belief is involved, and that there are restrictions imposed on its exercise, then the court should further determine whether any incidental burden on fundamental First Amendment rights is justified by a compelling state interest in the regulation of prison affairs, within the State's constitutional power. See *Sherbert v. Verner,* supra, 374 U.S. at 403, 83 S.Ct. 1790; *Hoggro v. Pontesso,* supra, 456 F.2d at 919 and n. 1; *Barnett v. Rodgers,* supra, 410 F.2d at 1000–01. For ". . . only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." *Wisconsin v. Yoder,* 406 U.S. 205, 215, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15.

3. We do not say that a hearing is required in every instance. A well-developed showing by affidavits, exhibits, regulations and the responses to them might demonstrate, without factual dispute, such limited actions by defendants and such a justification for them as to obviate the need for an evidentiary hearing. In such a case the defendants would, of course,

have to carry the heavy burden of justifying a summary judgment. See *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176; *Webb v. Allstate Life Insurance Co.,* 536 F.2d 336, 340 (10th Cir.); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 516 F.2d 33, 36 (10th Cir.).

## III

### The appointment of counsel

Lastly, plaintiffs argue that on remand counsel should be appointed to represent them, which was not done earlier and should be ordered by us. We decline to make such a requirement in our disposition.

Plaintiffs' appellate brief cites 28 U.S.C.A. § 1915(d) and case authorities. We are persuaded that under the statute the appointment of counsel is discretionary. Id.; *Harbolt v. Alldredge,* 464 F.2d 1243, 1245 (10th Cir.), cert. denied, 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319. We must agree with plaintiffs that the presence of factual issues in such a case may well justify providing counsel to develop the necessary factual record. We are not persuaded, however, that we should order that counsel be appointed on remand, and instead leave the matter to the trial judge's consideration as he examines the case.

Accordingly, the judgment of dismissal is vacated and the cause is remanded for further proceedings as provided herein.