Bernard F. MONTOYA, Plaintiff,

v.

Winston TANKSLEY, Superintendent of Colorado State Reformatory, et al., Defendants.

Civ. A. No. 77–K–1027.

United States District Court, D. Colorado.

March 9, 1978.

Bernard F. Montoya, pro se.

Fredric A. Ritsema, Richard G. McManus, Jr., Asst. Atty. Gen., Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

PRELIMINARY STATEMENT
OF FACTS

KANE, District Judge.

Bernard F. Montoya is presently an inmate at the Colorado State Reformatory located in Buena Vista, Colorado. On November 9, 1977 he filed a civil rights action in this court pursuant to 42 U.S.C. § 1983. He alleges denial of his first amendment right to freedom of religion and denial of his eighth amendment protection from cruel and unusual punishment.

Montoya claims that prison authorities refuse to let him attend any religious services. Although the plaintiff is presently confined in the segregation unit, he claims he is there as part of an administrative lockup as opposed to special confinement for disciplinary reasons. He further alleges that this prohibition against his attending religious services at the institution has caused him much mental anguish and undue suffering.

The third count of Montoya's complaint states that inmates in segregation are allowed approximately five minutes per day for outdoor exercise and oftentimes "they are not even given that." He further alleges that once they do get outside, there is no equipment, e. g., basketballs, etc., for them to use for recreational purposes.

A fourth count of the complaint alleges that food is brought into the segregation area on a cart that is electrically defective. He claims that he has been severely shocked by the cart in the past.

Lastly, Montoya claims that the sanitary conditions and the manner in which the food is prepared violates his eighth amendment protection from cruel and unusual punishment. He claims that he has seen cockroaches "as big as a thumb" hitch a ride on the food cart. He further claims that the food is always served cold since the food cart is not heated before serving.

Montoya states that he has filed four separate requests with Mr. Tom Cooper, acting warden of the institution, complaining about all of the above. He further states that he has received no response from the warden with regard thereto and that when he confronted Mr. Warren Deslin, head of all prison wings, he received an "I can't do a thing" response.

The plaintiff has asked for the following relief: (a) $400,000 punitive damages; (b) an order to permit inmates confined in the segregation unit to attend religious services; (c) $2,000 to construct a place of worship for the segregation area and (d) an order requiring the Health Department to inspect the sanitary conditions of the eating facilities.

On December 22, 1977 defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. On January 13, 1978 Montoya filed a request with this court for the appointment of counsel.

■ A complaint should not be dismissed for failure to state a claim unless it appears without doubt that the complainant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1975); *Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir. 1976); *Gregory v. Wyse,* 512 F.2d 378 (10th Cir. 1975). However, courts are generally reluctant to intervene in matters of prison administration in the absence of deprivations which represent constitutional abuse. *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Marchesani v. McCune,* 531 F.2d 459 (10th Cir. 1976); *Bethea v. Crouse,* 417 F.2d 504 (10th Cir. 1969).

■ Although the plaintiff in this case has been afforded the opportunity to meet and talk with a priest, he has been prohibited from attending the general religious services at the facility. The plaintiff claims that this restriction on his attending religious services abridges his first amendment rights since it is not based on any legitimate concerns of prison authorities in maintaining prison security or discipline. There is a noted absence in defendants' motion of any reasons for their action other than a blanket assertion "that a refusal by prison officials to allow attendance at worship services while in administrative segregation represents a reasonable judgment which courts will not disturb." (Citations omitted.)

The United States Supreme Court, in *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940), recognized that

the (First) Amendment embraces two concepts,—freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. Conduct remains subject to regulation for the protection of society. The freedom to act must have appropriate definition to preserve the enforcement of that protection. In every case the power to regulate must be so exercised as not, in attaining a permissible end, unduly to infringe the protected freedom. *Id.* at 303–04, 60 S.Ct. at 903. *See Giampetruzzi v. Malcolm,* 406 F.Supp. 836 (S.D.N.Y. 1975).

In *Hoggro v. Pontesso,* 456 F.2d 917 (10th Cir. 1972), the Tenth Circuit addressed complaints that prison officials were interfering with the exercise of appellants' rights to practice or exercise their religion. The court recognized the plethora of cases that have required an evidentiary inquiry in order to ascertain whether in fact and in law the first amendment rights of the petitioners had been abridged; especially when faced with vague and ambiguous allegations drafted by a layman. *See generally Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). After viewing the evidence, courts have then made a determination as to the merit of the allegations. *See Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir. 1976); *Brown v. Peyton,* 437 F.2d 1228 (4th Cir. 1971). In *Hoggro,* the Tenth Circuit remanded due to the trial courts failure to hold such an inquiry.

This due process requirement that a full evidentiary hearing be held in the case of alleged unwarranted restrictions on religious practices was further expounded by the Tenth Circuit in *Kennedy v. Meacham, supra,* where the court stated:

We are persuaded that the asserted justification of such restrictions on religious practices based on the State's interest in maintaining order and discipline must be shown to outweigh the inmates'

First Amendment rights. . . . If it is determined that the practice of a religious belief is involved, and that there are restrictions imposed on its exercise, then the court should further determine whether any incidental burden on fundamental First Amendment rights is justified by a compelling state interest in the regulation of prison affairs, within the State's constitutional power . . . For ' . . . only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion. *Id.* at 1061. *See Battle v. Anderson,* 376 F.Supp. 402 (E.D.Okl.1974), *aff'd,* 564 F.2d 388 (10th Cir. 1977).

Plaintiff's complaint sufficiently states a cause of action. While other allegations regarding the size of cockroaches, the absence of basketballs and the cuisine of the institution are attenuated when viewed separately, their binding with a clear first amendment claim invites further consideration.

Accordingly, IT IS ORDERED that the defendant's motion to dismiss is denied and a response shall be filed on or before ten (10) days from the date hereof.

In response to plaintiff's request for counsel, the factual issues in this case are such that the appointment of counsel is not only justified, but necessary. *See Kennedy v. Meacham, supra.* IT IS FURTHER ORDERED that plaintiff's request for appointment of counsel is granted.

DATED at Denver, Colorado this 9th day of March, 1978.