**Roland D. TUGGLE, Plaintiff,**

v.

**John EVANS, Udo von Hohenstraeten, of the Colorado State Reformatory, Defendants.**

**Civ. A. No. 78–K–870.**

United States District Court, D. Colorado.

Oct. 20, 1978.

Roland D. Tuggle, pro se.

Duncan J. Cameron, Yegge, Hall & Evans, Denver, Colo., Frederick Y. Yu, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER OF DISMISSAL

KANE, District Judge.

For reasons which are both elusive and obscure, I have been asked once again, to determine whether the gustatorial attainments of the provisioners at the Colorado State Reformatory at Buena Vista pass constitutional muster. My previous foray into the practice of culinary arts at the subject

institution concerned peripatetic cockroaches and electrified steamtables which shocked the consumer instead of warming the consumables. [*Montoya v. Tanksley*, 446 F.Supp. 226, 1978] Here, meatier matters are the subject of scrutiny.

The plaintiff invokes the authority of 42 U.S.C. § 1983 in seeking this review. He asserts his involuntary residence at the reformatory and alleges that defendant John Evans is the Acting Correctional Industries Manager there and defendant Udo von Hohenstraeten bears the bureaucratic designation of Food Service Manager III.

The plaintiff, Tuggle, complains that on four separate occasions he found foreign and inedible matter in food which was served to him. The objects of which complaint is made range from wire strands and rocks to hair and insects. Plaintiff Tuggle attributes the presence of these foreign objects to the allegedly sub-standard sanitary conditions of the reformatory kitchens and scullery. He asserts that the resident kitchen workers do not wear hair nets or hats and that the individuals responsible for food preparation and service are not properly certificated. Finally, the plaintiff asserts that the presence of the unwanted objects in the food served to him is tantamount to an improper diet.

*Au contraire*, Food Service Manager III von Hohenstraeten states in an affidavit attached to his motion to dismiss that his supervision of the preparation of all food and bakery goods at the institution is non-pareil. In the two years that he has served in his post, von Hohenstraeten asserts with commendable candor that he has "received occasional complaints about the quality of food, but never any complaints about displaced foreign matter like rocks, wire strands, insects and/or hair in the food." Well, hardly ever. It is apparent that Mr. Tuggle complains. He states in addition that he is "unaware of any indication that either food service managers, or inmates, working in the kitchen have ever maliciously or intentionally placed any foreign objects in food." With restrained umbrage defendant von Hohenstraeten notes that in-

mates working in the kitchen must wear uniforms and caps and that an inmate will be removed from his work assignment if he fails to comport with these requirements. With maieutic precision, Mr. von Hohenstraeten argues that since no incident occurred on the dates alleged by plaintiff which required removal of an inmate from his work station, the intentional placement of inedibles in the edibles could not have taken place. While the conclusion is not ineluctable, it has a certain flourish which culminates in the assertion that "all reformatory menus are reviewed and approved by a dietician certified by the State of Colorado."

Acting Correctional Industries Manager at the Reformatory, John Evans, joins in von Hohenstraeten's motion to dismiss Tuggle's complaint on the grounds that Tuggle has failed to allege a violation of a right, privilege, or immunity secured by the Constitution and laws of the United States. Defendant Evans likewise has filed an affidavit in which he states that he has the authority to manage, supervise, and control all aspects of the operation of the Food Service Department at the reformatory. The supernal aspects of this control are not mentioned. Evans asserts, however, that he did not receive any reports of foreign objects in food served on the dates alleged in Tuggle's complaint and that he is without any information from any other sources of such material being found in the food. He opines that hair could inadvertently find its way to the food since 250 inmates pass in close proximity as it is served in the manner of cafeterias; that the rocks referred to in the complaint might be bone chips from meat products and that, in any event, such would be the fault of the supplier rather than the preparer of the food. Evans also attests to the lack of malice or even velleity forming the predicate for Tuggle's verified complaint. Tuggle has not filed any countervailing affidavits.

■ It is conceivable that the foregoing recitation of allegations could foment bona fide issues of fact which would necessitate a trial. The Court of Appeals has admon-

ished trial judges to abjure "trial by affidavit." *Martinez v. Chavez*, 574 F.2d 1043 (10th Cir. 1978). Thus, I must determine whether the facts taken in the light most favorable to the vivification of plaintiff's complaint are sufficient to sustain the cause of action. A complaint should not be dismissed for failure to state a claim unless it clearly appears that the complainant can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1975); *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976); *Gregory v. Wyse*, 512 F.2d 378 (10th Cir. 1975). Motions to dismiss *pro se* civil rights actions are rightfully held in disfavor. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In reviewing a § 1983 claim similar to the claims made here, the court, in *Sinclair v. Henderson*, 331 F.Supp. 1123 (E.D.La.1971), observed:

> that as a general rule the food served to inmates was good, wholesome, clean, and palatable. . . . An occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion. It simply raises a problem of internal prison administration to be dealt with by prison authorities as best they can. *Id.* at 1126.

Similarly, in *Lovern v. Cox*, 374 F.Supp. 32 (W.D.Va.1974), it was held that the

> extensive documentation of the meals provided inmates, . . . establishes that a sufficient diet is provided and, absent a showing of resulting illness, no constitutional infringement is evident. . . . Nor does an occasional incident of a foreign object discovered in the prison food raise a question of constitutional proportions. *Id.* at 35.

■ Federal court deference to administrative officials in the management of penal institutions has been recognized in the absence of deprivations which represent constitutional abuses. *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). *Marchesani v. McCune*, 531 F.2d 459 (10th Cir. 1976); *Bethea v. Crouse*, 417 F.2d 504 (10th Cir. 1969). This policy of deference extends to the discipline, treatment, and care of those confined so long as the conduct of prison officials is not "of such a character as to shock [the] general conscience or to be intolerable to fundamental fairness . . . ." 417 F.2d at 507.

■ While I am not called upon to give a Michelin rating to the cuisine at the state reformatory, it seems appropriate to observe that even at the most respectable of food emporia whose customers are there by choice, the misfortune of finding unwanted ingredients in the fare does not, in the absence of injury, give rise to more than a claim for reimbursement. Necessarily, the plaintiff cannot react to his situation as could a customer of a private establishment by taking his or her business elsewhere. Such is one of the exigencies of penal confinement, but the Civil Rights Act is not intended to alleviate all conditions of confinement nor to provide a panacea for affronts whether sounding in tort or contract. The scope is limited to questions "of constitutional proportion." *Sinclair v. Henderson, supra,* at 1126. As previously stated, in order to state a cause of action under 42 U.S.C. § 1983 the plaintiff must allege at least some acts which have deprived him of a right, privilege, or immunity secured by the Constitution and laws of the United States. Based upon the most empathic review of all pleadings on file in this action, I can find no facts which would entitle the plaintiff to judicial relief. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted. This case and civil action are hereby dismissed. Each party shall pay his own costs herein expended.