Larry James GAMBLE, # 89865, Cephus Dyer, # 88953, Jimmy Lee Thigpen, # 93414, Tyrone Fails, # 89705, and Abdullah Ramadan Shabazz, # 81192, Petitioners,

v.

F. Warren BENTON, Director, ODC, et al., Respondents.

No. 52724.

Supreme Court of Oklahoma.

Sept. 11, 1979.

Petitioners, pro se.

Jan Eric Cartwright, Atty. Gen., for respondents.

---

SIMMS, Justice:

Petitioners, inmates of the Oklahoma State Penitentiary, have filed a pro se original action in this Court seeking habeas corpus, or in the alternative "mandamus-injunction", prohibiting enforcement of the Oklahoma Department of Corrections Rule requiring inmates to be clean shaven, except in cases of medical necessity.

They urge there is no justification for a "rigid rule" regarding beards, or beards which are permitted to be grown through medical necessity; and, that the "no beard" rule violates petitioners religious freedoms as guaranteed by the First Amendment to the United States Constitution.

Exhibits attached to pleadings filed in this Court show that Petitioner Gamble sought mandamus in the District Court of Pittsburgh County to require Respondents to permit him to grow a beard because of an alleged facial skin condition which he claimed was aggravated by shaving. The trial judge found, based on evidence presented, that in fact, Gamble was not suffering from the alleged facial skin condition and denied mandamus. No appeal was taken and that finding became final. The First Amendment issue was not presented in the District Court mandamus action.

In 1977, Petitioner Phillips, aka Shabazz, filed a complaint in the United States District Court for the Eastern District of Oklahoma predicated on the provisions of 42 U.S.C. § 1982, the civil rights act. He alleged a violation of his constitutional rights in that the clean shaven rule deprived him of medical care and constituted racial discrimination. The complaint was dismissed upon a finding by the United States District Judge that "an incarcerated prisoner does not have a constitutional right to the length, style, and growth of his hair and growing of a beard or moustache to suit his personal desires", citing *Ralls v. Wolfe*, 448 F.2d 778 (8th Cir. 1971). The Judge further found that Phillips' § 1983 complaint failed to state a claim for denial of medical care under the deliberate indifference rule as enunciated in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251. Phillips did not allege violation of his First Amendment Rights in the federal court action.

■ Examination of the pro se petition in this case reveals no allegation of deliberate indifference on the part of Respondents to any medical condition which may have occurred to petitioners by reason of their being required to shave. To the contrary, attached to the petition as Exhibits are copies of instructions from prison doctors on prescription form showing that Gamble was permitted to "use the clippers as needed; having problem", and a subsequently written instruction that Gamble "may shave every fifth day." Instructions in prescription form was issued by the doctor at the institution permitting Petitioner Thigpen to "use clippers to shave—He has a bad case of Psuedo-Folliculitis."

Petitioners allegations in this Court of the medical claim do not comport with the necessary allegations mandated by *Estelle, supra.*

■ Petitioners claim that the "no-beard" rule is violative of the First Amendment religious freedoms is made to this appellate Court without the issue having been presented to any trial tribunal. As stated in *Wright v. Raines*, 1 Kan.App.2d 494, 571 P.2d 26, 30 (1977), cert. den., 435 U.S. 933, 98 S.Ct. 1508, 55 L.Ed.2d 530: "Whether it [no beard rule] is justified where First Amendment rights are involved is a matter for an evidentiary hearing."

It is, therefore, impossible for this appellate Court to determine "whether any incidental burden on fundamental First Amendment right is justified by a compelling state interest in the regulation of prison affairs, within the State's constitutional power. * * * *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15." *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976).

We conclude petitioners' allegations as contained in their pleadings praying for Habeas Corpus are insufficient to state a cause of action warranting relief.

Neither have petitioners resorted to their state trial court remedies as provided by 75 O.S.1971, § 306, and 12 O.S.Supp.1974, § 1651, et seq.

Application to Assume Original Jurisdiction Granted. Petition for Writ of Habeas Corpus Denied; Petition for Writ of Mandamus, or in the alternative Injunction, DENIED.

Petitioners' Application for Appointment of out of state counsel are likewise DENIED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

HODGES, J., dissents.