**Gene VELARDE, Plaintiff,**

v.

**James RICKETTS, William Wilson, Ben Johnson, Leroy Matthews and D. E. Fish, Defendants.**

**Civ. A. No. 79–K–654.**

United States District Court, D. Colorado.

Nov. 27, 1979.

Gene Velarde, pro se.

Marcellus Jackson, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER OF DISMISSAL

KANE, District Judge.

Gene Valarde is presently an inmate at the Colorado State Penitentiary. Prior to May 21, 1979, he purchased a television set from another inmate, Robert McHale, who was about to be paroled. This television set was confiscated by prison officials on May 21, 1979 pursuant to a prison policy which limits acquisition of television sets to those purchased through the prison canteen. Apparently, Velarde was advised by prison officials that he could ship the purchased television set home, destroy it, or store it in the prison's basement until his release. Mr. Velarde says he has no home other than the penitentiary; that destroying the set is ridiculous and that his discharge date is somewhere around 1997. Thus, none of these choices is appealing to him. He was informed that if he wanted to keep a television set in his cell, he would have to purchase one through the canteen. He alleges that these actions by prison officials constitute denial, under color of state law, of his fourth, fifth, eighth, and fourteenth amendment rights as provided by the Constitution of the United States. See 42 U.S.C. § 1983.

Velarde seeks a declaratory judgment that the defendants' acts, policies, and practices violate his rights under the constitution. Additionally, he seeks injunctive relief prohibiting defendants from denying him his property, prohibiting defendants from retaliating against him for filing this action, ordering payment by defendants of compensatory and punitive damages, and ordering defendants to submit to this court a new policy regarding the purchase of television sets which is in accordance with the court's declaratory judgment. On July 26, 1979, the defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted.

 After examining Velarde's complaint, I am convinced that it fails to state a claim for relief. The Tenth Circuit has . . . consistently adhered to the so-called 'hands off' policy in matters of prison administration according to which we have said that the basic responsibility for the control and management of penal institutions . . . lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse on the part of prison officials. * * * In balancing the necessity for a free hand in prison administration against the basic constitutional rights of prisoners, it seems practical and workable to say . . . that "the hands-off doctrine operates reasonably to the extent that it prevents judicial review of deprivations which are necessary or reasonable concomitants of imprisonment." *Bethea v. Crouse*, 417 F.2d 504, 505, 506 (10th Cir. 1969).

*See also Tuggle v. Evans*, 457 F.Supp. 1015, 1017 (D.Colo.1978); *Mingo v. Patterson*, 455 F.Supp. 1358, 1362 (D.Colo.1978); *Montoya v. Tanksley*, 446 F.Supp. 226 (D.Colo.1978). While devotees of free market economic principles may find this distasteful, I hold that a policy limiting the source of acquisition and the market for sale by or to an inmate does not constitute clear abuse on the part of prison officials. Indeed, the Sherman Act notwithstanding, it is appropriate for prison officials to impose such controls over the buying and selling of property by inmates and especially over buying and selling between inmates. Absent some substantial abuse which rises to constitutional stature, such controls are a necessary and acceptable concomitant of imprisonment. *See Howard v. Swenson*, 426 F.2d 277 (8th Cir. 1970). Accordingly, it is

ORDERED that defendants motion to dismiss is granted and this complaint and civil action are hereby dismissed.