**Douglas BUSSELL, Melvin Bussell, and Earlene Bussell, d/b/a Bussell Funeral Home, Plaintiffs,**

**v.**

**Gayln STAHL, M.D., individually and in his official capacity as County Coroner of Albany County, Wyoming; Thomas Nord, individually and in his official capacity as Administrator of Ivinson Memorial Hospital; the Board of County Commissioners of the County of Albany, Wyoming; and the Board of Trustees of Albany County Hospital District, Defendants.**

No. C87–0158–B.

United States District Court,
D. Wyoming.

Aug. 10, 1987.

John M. Burman, Corthell and King, Laramie, Wyo., for plaintiffs.

(discussing the rationale of *Christianburg* in the context of § 1988).

Craig E. Kirkwood, Kirkwood, Copenhaver and Nelson, Laramie, Wyo., for defendants Stahl and Bd. of County Com'rs.

William McKellar, Lathrop and Uchner, Cheyenne, Wyo., for defendants Thomas Nord and Bd. of Trustees of Albany County.

Becky N. Klemt, Pence and MacMillan, Laramie, Wyo., for defendant Bd. of Trustees of Albany County.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORD'S AND DEFENDANT BOARD OF TRUSTEES OF ALBANY COUNTY HOSPITAL DISTRICT'S MOTION TO DISMISS

BRIMMER, Chief Judge.

This matter came before the Court on a motion to dismiss brought by defendants Nord and the Board of Trustees of Albany County Hospital District. The Court, having reviewed the pleadings, and being fully advised in the premises, FINDS and ORDERS as follows:

This is an action for damages, injunctive and declaratory relief pursuant to § 1983 and the fifth and fourteenth amendments of the United States Constitution, along with pendant state claims for violation of contract and violation of public policy. The plaintiffs are the owners and operators of a funeral home located in Albany County, Wyoming. Defendant Nord is the administrator of Ivinson Memorial Hospital (Ivinson) which is a county hospital located in Albany County, Wyoming. Defendant Board of Trustees of Albany County Hospital District is the governing body of Albany County Hospital District which owns and operates Ivinson Memorial Hospital. Defendant Board of County Commissioners of the County of Albany is the elected governing body of Albany County and defendant Stahl is the County Coroner of Albany County, Wyoming.

The plaintiffs allege that the defendants created and implemented a policy whereby they would refer all "coroner cases" in Ivinson to the two funeral homes in Albany County, with equal shares going to each funeral home. The plaintiffs claim that the defendants have not complied with this county policy and, instead, have been directing most of the coroner business to the competing funeral home, Stryker. In so doing, the plaintiffs allege, the defendants have deprived them of their property right to this business without due process of law and have deprived them of their liberty interest in doing business without due process of law. They further allege that defendant Stahl intentionally interfered with the plaintiff's contract in regard to this business and, additionally, that Stahl and Nord violated public policy and fairness by directing business to Stryker at the expense of the plaintiff's business.

Only two of the four defendants, Nord and the Trustees, have moved for dismissal. They contend that the plaintiffs have failed to allege facts sufficient to support property and liberty interest claims, that their claim for violation of public policy and fairness fails to state a cause of action recognized in Wyoming, that they have failed to allege a specific contract or prospective contract in regard to their claim for interference with contract and that their claim for injunctive relief fails to state a claim upon which relief could be granted. The defendants also contend that the plaintiffs' claims for exemplary damages and their allegations of willful and wanton misconduct are redundant, immaterial and should be stricken. For the reasons stated below, the Court will grant the defendants' motion in regard to the claims for violation of public policy and fairness, but will deny the remainder of the motion.

Before addressing the merits of the defendants' motion, the Court notes that the plaintiffs argue that this motion should be denied for failure to comply with Fed.R. Civ.P. 7(b) and Local Rule 206(c)(1). The plaintiffs' objection is that the defendants had failed to submit, prior to the hearing, a memorandum of law in support of their motion. The defendants, however, did submit such a memorandum at the hearing on June 23, 1987, and the plaintiffs were granted 10 days to respond, which they have done. Therefore, the Court finds that

this objection is moot and will turn to the merits of the motion.

The Court cannot dismiss a complaint for failure to state a claim "unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cruz v. Beto,* 405 U.S. 319 [92 S.Ct. 1079, 31 L.Ed.2d 263]." *Kennedy v. Meacham,* 540 F.2d 1057, 1060 (10th Cir.1976). The Court further notes that the moving party bears the burden of proving that no claim has been stated. Moreover, in considering a motion to dismiss, the Court must liberally construe the allegations of the complaint and presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *See, e.g., Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319 (10th Cir.1977); 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1357 (1969).

■ The Court finds that the plaintiffs have failed to state a claim for relief for violation of public policy and fairness. As the plaintiffs themselves admit, the Wyoming Supreme Court has not recognized such a cause of action, nor is it clear that it would if presented with the question. The Court observes that the plaintiffs have failed to point to any Wyoming cases which indicate that the Wyoming Court would most probably rule in favor of creating such a cause of action. This Court, therefore, is not in a position to predict with any degree of certainty that the Wyoming Supreme Court would most probably recognize a cause of action for violation of public policy and fairness and we cannot speak for the Wyoming Supreme Court. Therefore, even assuming that all of their allegations are true, the plaintiffs have failed to state a claim for relief for violation of public policy and fairness because this claim is not actionable in Wyoming. The Court finds, consequently, that this claim should be dismissed.

■ The Court further finds, however, that the plaintiffs have alleged sufficient facts to establish claims for deprivation of property and liberty rights without due process. In regard to the alleged deprivation of property, the plaintiffs assert a property right based on letters from defendants Nord and Stahl establishing an official county policy that the plaintiffs were to receive half of all coroner cases from Ivinson. The Court finds that this is sufficient to establish the allegation that the plaintiffs had a legitimate claim of entitlement created by the state. *See Board of Regents v. Roth,* 408 U.S. 564, 577–578, 92 S.Ct. 2701, 2709–2710, 33 L.Ed.2d 548 (1972). In regard to their alleged deprivation of liberty, the plaintiffs contend that the defendants' actions constructively deprived of them their freedom to earn a living by directing a significant portion of their business to a competing funeral home. Thus, the plaintiffs have alleged that public officials acting under color of State law have interfered with their freedom to earn a living and have thereby stated a claim for relief under § 1983 and the fourteenth amendment for deprivation of liberty without due process. *Id.; Lentsch v. Marshall,* 741 F.2d 301, 303–304 (10th Cir.1984). The Court must therefore deny the defendants' motion to dismiss these claims.

Defendant Nord moves to dismiss the plaintiffs' claims regarding interference with contract and prospective advantage as they relate to all defendants except defendant Stahl. Inasmuch as the Court finds that the plaintiffs brought this cause of action only against Stahl, Nord's motion is frivolous and moot and is therefore denied.

■ Finally, in regard to the defendants' motion to strike the plaintiffs' claims for exemplary damages, the Court finds that the plaintiffs have alleged sufficient facts to state a claim for such relief against Nord when they allege that in his personal capacity he acted intentionally, willfully and wantonly in violation of their rights protected by § 1983. *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983); *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3106, fn. 13, 87 L.Ed.2d 114 (1985). The Court further finds that the plaintiffs' allegations are not redundant and that the defendants fail to specify how they might be construed in that way. Fi-

**384**

nally, the Court finds that this motion to strike is not properly before us in that the defendants have failed to bring it prior to filing their answers, per Fed.R.Civ.P. 12(f). For all of these reasons, the Court must deny the defendants' motion to strike. Therefore, it is

ORDERED that the plaintiffs' claims for violation of public policy and fairness as brought against defendants Nord and the Trustees be, and the same hereby is, granted. It is further

ORDERED that the defendants' motion to dismiss and to strike the remaining claims be, and the same hereby is, denied.