**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

TRAVIS SHAWN HUDSON,

      Plaintiff-Appellant,

v.

RON NORICK, Mayor; SAM GONZALES;
BRIAN JENNINGS; THE CITY OF
OKLAHOMA CITY; F.O. PEAK; MARK
SCHWARTZ; JACK CORNETT; FRANCIS
LOWREY; JERRY FOSHEE; ANN SIMANK;
WILLA JOHNSON; GUY LIEBMAN,

      Defendants-Appellees.

No. 99-6213
(W.D. Okla.)
(D.Ct. No. 98-CV-1168-A)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Appellant Travis Shawn Hudson, a state inmate, appeals *pro se* the district court's decision granting the Appellees' motion to dismiss his § 1983 complaint and for summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In his complaint, Mr. Hudson asserted claims under 42 U.S.C. § 1983 against the city of Oklahoma City and various city officials. Mr. Hudson's first allegation centered on his claim these officials acted in "cahoots ... to enforce nefarious conditions upon adult detainees" during his confinement in the city jail for a ten-day period. Specifically, Mr. Hudson claimed these officials forced him to eat near unsanitized toilets and denied him a regular change of clothes; deodorant; clean showers; adequate opportunities to shower and exercise; and paper, pencils and envelopes for the purpose of corresponding with the court. He also alleged violation of his constitutional rights because a police officer arrested him without a warrant and authorities denied him the opportunity to see a magistrate judge during his ten-day incarceration at the city jail.

In response, Police Officer Brian Jennings filed a motion to dismiss Mr.

Hudson's complaint based on the applicable statute of limitations. The city and the other city officials filed either a joint motion to dismiss and for summary judgment, or a motion for summary judgment. The district court assigned the matter to a magistrate judge, who ordered the city to file a *Martinez* report, pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (en banc) (per curiam).

Following a review of the *Martinez* report and the city's and its officials' motions, the magistrate judge issued findings and a recommendation for dismissal of Mr. Hudson's complaint. First, under the applicable two-year Oklahoma statute of limitations for filing a § 1983 complaint, the magistrate judge found Mr. Hudson untimely filed his complaint against Officer Jennings. Because Officer Jennings arrested Mr. Hudson on August 11, 1996, the magistrate judge determined Mr. Hudson had two years from that date to file his complaint, alleging Officer Jennings violated his constitutional rights by arresting him without a warrant. Instead, Mr. Hudson did not file his complaint until August 18, 1998 – seven days after the limitation period expired. The magistrate judge also addressed Mr. Hudson's contention his cause of action against Officer Jennings did not accrue until he was transferred from the county jail, which Mr. Hudson claims lacked an adequate legal assistant program. In addressing this

contention, the magistrate judge determined Mr. Hudson knew of facts underlying his claim on the date of his arrest, and that his claimed ignorance of the existence of a cause of action during the intervening period of his transfer from the county jail did not toll the two-year limitation period.

The magistrate judge also rejected Mr. Hudson's claim against city council members concerning the conditions of his ten-day confinement in the city jail. The magistrate judge determined city council members were entitled to absolute immunity under the summary judgment standard. In so holding, the magistrate judge found their adoption of a revised Operations Manual prepared by the city's police department, and which governs the operation of the city jail, constituted a legislative act entitling them to absolute immunity from § 1983 liability. As to Mr. Hudson's claim against the city itself, the magistrate judge determined the challenged regulations clearly state the city jail's policy is to provide "clean, sanitary, and habitable quarters for all pre-trial detainees." Thus, the magistrate judge concluded that even if Mr. Hudson experienced unconstitutional conditions of confinement during his incarceration in the city jail, the city of Oklahoma City could not be held liable.

Finally, the magistrate judge determined Mr. Hudson failed to show the

police chief, Sam Gonzales, denied Mr. Hudson access to the courts, or participated in causing the unsanitary conditions Mr. Hudson claims occurred during his ten-day confinement. Even if Mr. Hudson could allege personal participation by Chief Gonzales, the magistrate judge found summary judgment appropriate because prisoners in short-term pretrial detention cannot expect the same privileges and conditions as those provided in long-term confinement in state prisons, and because Mr. Hudson had not shown "the conditions either singly or combined rise to the level of a due process violation."

After reviewing Mr. Hudson's objections to the magistrate judge's recommendation, the district court issued an order thoroughly discussing why Mr. Hudson's objections lacked merit. The district court adopted the magistrate judge's findings and recommendation, granted Officer Jennings' motion to dismiss, and granted the city's and the other officials' motions for summary judgment.

On appeal, Mr. Hudson raises the same issues addressed by the magistrate judge and the district court. He also complains the district court erred in granting the motions to dismiss and for summary judgment without providing him an evidentiary hearing. Finally, Mr. Hudson contends that because he is "unschooled

in legal litigation," we should not affirm the dismissal of his complaint.[1]

We review *de novo* the district court's determination Mr. Hudson's claim against Officer Jennings is barred by the applicable statute of limitations. *See Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). We review the grant of summary judgment on Mr. Hudson's remaining claims *de novo*, using the same legal standard as the district court. *United States v. City & County of Denver*, 100 F.3d 1509, 1512 (10th Cir. 1996). Summary judgment is appropriate if, in viewing the record in the light most favorable to Mr. Hudson as the nonmoving party, no genuine issue as to any material fact exists and the city and its officials, as the moving parties, are entitled to judgment as a matter of law. *Id.* We have further determined a evidentiary hearing " is [not] required in every instance" before the district court may enter summary judgment *Kennedy v. Meacham*, 540 F.2d 1057, 1061 n.3 (10th Cir. 1976). "A well-developed showing by affidavits, exhibits, regulations and the responses to them might demonstrate, without factual dispute, .... [no] need for an evidentiary hearing." *Id.*

---

[1] While Mr. Hudson claims he is "unschooled in legal litigation," we note that before and during his incarceration, he filed six other civil suits, showing his capacity to file legal pleadings. In addition, the district court determined these suits did not toll or suspend the running of the two-year limitation period during his incarceration.

We have carefully reviewed the pleadings, the magistrate judge's recommendation and the district court's decision, and considered them in light of the applicable law. The magistrate judge issued a thorough and well-reasoned recommendation for granting the motions to dismiss and for summary judgment. After careful consideration of Mr. Hudson's objections thereto, the district court adopted the magistrate judge's recommendation. We cannot better articulate the facts, applicable law or reasoning for granting these motions, than articulated by the magistrate judge and the district court. In sum, the district court correctly determined Mr. Hudson did not file his complaint against Officer Jennings within the two-year limitation period. In addition, even construing Mr. Hudson's *pro se* pleadings liberally as he requests, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we find the district court correctly determined no genuine issue of material fact exists, and that the city and its officials are entitled to judgment as a matter of law. Finally, nothing in Mr. Hudson's appeal or his other pleadings alerts us to the need for an evidentiary hearing in this case.

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Hudson's § 1983 complaint for substantially the same reasons set forth in the magistrate judge's February 9, 1999 Findings and Recommendation, and the district court's May 3, 1999 Order. We also remind Mr. Hudson of his obligation under our

December 21, 1999 Order to continue to make partial payments of costs and fees associated with his appeal.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge