FILED
United States Court of Appeals
Tenth Circuit

**February 6, 2014**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CARL ALTON WINFIELD, JR.,

Petitioner-Appellant,

v.

STATE OF UTAH,

Respondent-Appellee.

No. 13-4149
(D.C. No. 2:10-CV-00938-TC)
(D. Utah)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

---

After his state court conviction for robbing a Sonic Drive-In, Carl Winfield first appealed and then pursued a collateral attack on his conviction, all in Utah state courts. When none of that proved successful, he turned his attention to federal court, filing a petition for habeas corpus under 28 U.S.C. § 2254. Displeased by the pace at which that latest proceeding proceeded, as well as some unfavorable rulings, Mr. Winfield decided to file a motion asking the district court judge to recuse herself. The district court denied the motion, however, and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

also denied the habeas petition on the ground that the issues it raised were procedurally barred under Utah law. Now Mr. Winfield asks us to undo both these rulings, something we find we cannot lawfully do.

To pursue an appeal in this court, Mr. Winfield must first obtain a certificate of appealability by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). To satisfy that standard, Mr. Winfield must persuade the court that reasonable jurists could debate (or agree on) a different resolution of the habeas petition or see the merit of further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Winfield makes three arguments in his effort to justify further habeas proceedings. First, he notes that he proceeded pro se at trial and he claims his ability to move freely around the courtroom was restricted in a way the prosecutor's was not — and this, he argues, unfavorably colored the jury's impression of his defense. Second, he accuses the counsel he obtained after trial for his appeal and a portion of his state collateral proceedings of rendering ineffective assistance because counsel failed to explain (at least to Mr. Winfield's satisfaction) why these movement restrictions deprived him of a fair trial. Third, he says various witnesses against him provided perjured testimony.

The difficulty is that the district court found these claims procedurally barred and we can see no room to debate that conclusion. In habeas proceedings, federal courts usually can't consider issues defaulted in state court on

independent and adequate state procedural grounds — that is, procedural grounds unrelated to the merits of the federal claim and strictly or regularly invoked by state courts in similar circumstances. *Cole v. Trammell*, 735 F.3d 1194, 1210-11 (10th Cir. 2013); *Gutierrez v. Moriarty*, 922 F.2d 1464, 1469 (10th Cir. 1991). As the Supreme Court has explained, this rule lets states that have convicted criminal defendants also have the first chance to remedy any violations of those defendants' federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). And "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 732. Federal courts disregard a default arising from the failure to abide independent and adequate state procedural requirements only if the habeas petitioner can demonstrate cause for the default and prejudice from the underlying constitutional violation, or if he can show that a fundamental miscarriage of justice will result if the court doesn't consider the claims on their merits. *Cole*, 735 F.3d at 1210.

Mr. Winfield hasn't persuaded us the district court was debatably wrong to treat his claims as procedurally barred. In Mr. Winfield's appeal contesting the denial of his state petition for collateral relief, he failed to articulate particular reasons for thinking the state trial court erred in addressing the issues he now seeks to pursue in federal court. Because of that, the state court of appeals held these issues defaulted under state law, citing Utah appellate rules requiring

- 3 -

appellants to identify specific errors in the decisions they appeal. *Winfield v. State*, 2009 UT App 323U (per curiam). This requirement stands fully independent from the federal law that governs Mr. Winfield's constitutional claims, and we see no reason to doubt Utah's appellate courts apply this rule evenhandedly and often. *See, e.g.*, *Allen v. Friel*, 194 P.3d 903, 909 (Utah 2008); *Schwenke v. State*, 295 P.3d 716, 716 (Utah Ct. App. 2013) (per curiam); *Webster v. JP Morgan Chase Bank, NA*, 290 P.3d 930, 938 (Utah Ct. App. 2012). Neither can we find any debatable cause and prejudice or threat of a miscarriage of justice that would prompt us to ignore Utah's independent and adequate procedural rules.

To be sure, Mr. Winfield tries to avoid the procedural bar by accusing his counsel of not pursuing winning arguments on his behalf. But whatever other problems attend this argument, the procedural default the district court recognized occurred after Mr. Winfield's attorneys were out of the picture. Utah's court of appeals found Mr. Winfield's claims barred as a result of inadequate briefing while he was attempting to exhaust his state post-conviction remedies pro se, *after* his attorneys were dismissed.

Lastly, we see no more merit in Mr. Winfield's recusal motion than the district court did. The gist of his complaint seems to be that the district court judge showed bias by rejecting arguments Mr. Winfield finds overwhelmingly persuasive. But adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555

- 4 -

(1994). This case offers no exception to that rule. The record contains no indication of anything other than fair treatment of Mr. Winfield's claims. Neither were there notable signs of delay or neglect of Mr. Winfield's case, let alone enough to warrant a finding of bias. *Cf. Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir. 1976) (rejecting "averments of delays or omissions by the Judge" as grounds for recusal). All told, the district court issued nearly a dozen orders in response to the parties' many motions in this case — including orders allowing Mr. Winfield extended time to cure deficiencies in his original petition.

Mr. Winfield's request for a certificate of appealability is denied, as are his requests for appointed counsel, for a subpoena of his prison account statement, and for leave to proceed *in forma pauperis*. This appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge