Jeppie Hasan SAM'I, a/k/a Jeppie L. Guyton, Plaintiff,

v.

Barry MINTZES, Inez Baldwin, Ann Baerwalde, Defendants.

Civ. A. No. 82–60043.

United States District Court, E.D. Michigan, S.D.

Jan. 19, 1983.

Jeppie Hasan Sam'I a/k/a Jeppie L. Guyton, pro se.

---

Elaine Dierwa Fischhoff, Asst. Atty. Gen., Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the court on the defendants' motion for summary judgment. The plaintiff has brought this civil rights action seeking declaratory and injunctive relief and claiming that the defendants have violated his constitutional right to the free exercise of his religion.

The plaintiff was disciplined after a hearing for failure to obey a direct order when he refused to submit to a pat-down search by a female guard. The plaintiff is a Muslim and his faith teaches that it is forbidden for a man to be touched by a woman not of his family.

The defendants filed this motion on August 23, 1982, and the plaintiff has not answered. The defendants argue that pat-down searches are necessary to detect contraband and weapons and that they have a duty to employ women under Title VII, 42 U.S.C. § 2000e, et seq. The prison does not assign duties based on sex and cannot feasibly call in male guards to conduct searches for individual prisoners. Consequently, if the defendants were prohibited from allowing female guards to conduct pat-down searches of prisoners who objected on religious grounds, the prison's ability to detect contraband and weapons would be substantially impaired.

First of all, for the purposes of this motion, the defendants do not question the sincerity of the plaintiff's beliefs and the court will assume the facts as represented by the plaintiff.

█ Prisoners do not forfeit all constitutional rights by virtue of their imprisonment but the rights they retain are subject to restrictions and limitations. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *Bell* upheld rules prohibiting the receipt of packages and the receipt of hard cover books except from publishers and book stores and providing for room searches and body cavity searches against challenges on first amendment, due process, and privacy grounds. The Supreme Court in *Bell* recognized institutional security as an essential goal.

The Court of Appeals for the Sixth Circuit has prescribed a balancing approach in this area. *See, e.g., Weaver v. Jago,* 675 F.2d 116 (6th Cir.1982); *Jihaad v. O'Brien,* 645 F.2d 556 (6th Cir.1981).

In another case involving pat-down searches by female guards, the Court of Appeals for the Seventh Circuit held that the prison's need to employ female guards under Title VII outweighed the fourth amendment interests of the prisoners. *Smith v. Fairman,* 678 F.2d 52 (7th Cir. 1982). In *Fairman* the court noted that the prison instructed female guards that they were not to search the genital area and that they were not to conduct full searches but only pat-down over clothing. Further, they were told to make every effort to avoid degrading or humiliating the prisoner.

█ In the present case the defendants have submitted affidavits and have provided copies of the prison policies regarding searches. The affidavit says that all guards are instructed not to pat-down the genital area and are told to conduct searches in a dignified manner. The policy states that strip searches are to be conducted by guards of the same sex as the prisoner except in cases of emergency. The policies and description of duties provided by the defendants do not distinguish among guards based on sex.

This court is satisfied that the prison has a substantial interest in conducting pat-down searches and is also satisfied that the prison must actively seek to comply with the requirements of Title VII. Free exercise of religion is an important constitutional right but in this case it must give way to the competing interests of the defendants in administering the prison. *Bell, supra.*

Therefore, the defendants motion for summary judgment is granted.