762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OTIS MACK GIBSON, PLAINTIFF-APPELLANT,
v.
MIKE DUTTON, WARDEN AND AL RIVERS, INTERNAL AFFAIRS,
DEFENDANTS-APPELLEES.
 NO. 84-5915
 United States Court of Appeals, Sixth Circuit.
 3/7/85
 
 ORDER
 BEFORE: CONTIE, Circuit Judge; and PHILLIPS and CELEBREZZE, Senior Circuit Judges.
 
 
 1
 Plaintiff appeals from the district court's September 13, 1984, order denying plaintiff in forma pauperis status in this civil rights action. Plaintiff has moved for in forma pauperis status on appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Tennessee state prisoner, moved to file his civil rights complaint in forma pauperis under 28 U.S.C. Sec. 1915. The complaint alleged that plaintiff's typewriter was seized by prison officials in violation of due process and that the prison policy prohibiting bartering between inmates is unconstitutional. The district court denied the petition to proceed in forma pauperis on the grounds that the complaint was frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 In Brooks v. Dutton, ---- F.2d ----, No. 84-5099 (6th Cir. Jan. 8, 1985), this Court held that the district court can dismiss a frivolous action sua sponte under section 1915(d) without complying with the procedures set forth in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983). This Court also held that while it is error for the district court to deny pauper status in such a case, the error is harmless when the complaint is frivolous. In this case, although the district court should have granted pauper status and allowed the complaint to have been filed, the error was harmless since the complaint was frivolous.
 
 
 4
 It is well settled that federal courts should accord prison officials deference in the adoption of prison procedures and policies designed to preserve internal order and discipline. Bell v. Wolfish, 441 U.S. 520 (1979). Establishment of prison procedures regarding prisoners' personal possessions is precisely the type of 'judgment call' in prison management that Bell v. Wolfish, supra, requires be left to the discretion of prison officials. Weaver v. Jago, 675 F.2d 116, 117 (6th Cir. 1982). A prison policy regulating the acquisition and asle of property by inmates is within the discretion of prison officials. McWhorter v. Jones, 573 F.Supp 33 (E.D. Tenn. 1983); Velarde v. Ricketts, 480 F.Supp. 261 (D. Colo. 1979). In addition, a prisoner's constitutional right of access to the courts does not include any constitutional right to have a typewriter. Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978); Inmates, Washington County Jail v. England, 516 F.Supp. 132 (E.D. Tenn. 1980).
 
 
 5
 If the complaint is construed to allege deprivation of plaintiff's property without due process, it does not state a cause of action under 42 U.S.C. Sec. 1983. A prisoner's loss of property due to the intentional acts of a state official is not a violation of due process if the state provides a means to remedy the loss. Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194 (1984). Tennessee has adequate procedures to assure the return of converted property. Brooks v. Dutton, supra.
 
 
 6
 Accordingly, it is ORDERED that the motion to proceed in forma pauperis is granted and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).