772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD RIDDLE, PLAINTIFF-APPELLANT,
v.
THOMAS TAYLOR, J. PIERON, DEFENDANTS-APPELLEES.
 NO. 85-1097
 United States Court of Appeals, Sixth Circuit.
 8/6/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and NEESE, Senior District Judge.*
 
 
 3
 This Michigan State prisoner moves the Court for the appointment of counsel in his appeal from a district court judgment adopting the Magistrate's report and recommendation to dismiss plaintiff's civil rights complaint filed under 42 U.S.C. Sec. 1983.
 
 
 4
 Suing two state prison officials and seeking monetary, declaratory and injunctive relief, the plaintiff alleged that he was illegally disciplined in violation of his constitutional right for lending his law books to another prisoner. Plaintiff presented claims of inadequate notice of the disciplinary hearing, denial of access to the court due to the confiscation of his books, and denial of equal protection of the law due to the discriminatory application of the rule prohibiting the lending of books. After filing the complaint on December 13, 1983, the plaintiff requested a default judgment on February 2, 1984 due to the defendants' failure to answer the complaint. On June 22, 1984, plaintiff moved for an order compelling an answer to the complaint. Finally, after the court issued a show cause order on June 29, 1984, the defendants filed on July 12, 1984 a motion to dismiss or for summary judgment. The defendants therein explained that plaintiff was issued a misconduct ticket on November 10, 1983 for lending five books to another inmate in violation of a policy directive. Five days later, the plaintiff received a disciplinary hearing at which he was adjudged guilty and given a suspended sentence of three days of lock-up. His books were also ordered to be returned to him. The defendants denied any wrong-doing or unequal application of the policy directive. In response to the defendants' motion, the plaintiff filed a motion seeking a default judgment due to the defendants' failure to file an answer to his complaint and to the show cause order. He did not address the substance of the defendants' motion. Subsequently, the Magistrate concluded that the defendants were entitled to summary judgment and so recommended to the district court. Upon reviewing the plaintiff's objections, the district court adopted the Magistrate's report and recommendation and dismissed plaintiff's complaint.
 
 
 5
 In his appellate brief, plaintiff again argues that he was entitled to a default judgment because the defendants did not answer his omplaint nor did they file an answer to the district court's order directing them to show cause why a default judgment should not be entered against them. The plaintiff does not address the merits of his case in his brief.
 
 
 6
 Upon review of the cause, this Court concludes that the district court properly dismissed plaintiff's complaint. Plaintiff's claims regarding the unfair enforcement of a rule prohibiting the lending of books concern the type of 'judgment calls' regarding prison management which are best left to the wide discretion and expertise of prison administrators. See Bell v. Wolfish, 441 U.S. 520, 562 (1979); Brown v. Johnson, 743 F.2d 408, 413 (6th Cir. 1984), cert. denied, 105 S.Ct. 1190 (1985); Weaver v. Jago, 675 F.2d 116, 117 (6th Cir. 1982) (per curiam); Iman Ali Abdullah Akbar v. Canney, 634 F.2d 339 (6th Cir. 1980) (per curiam), cert. denied, 450 U.S. 1002 (1981). In addition, it is apparent that the plaintiff has withdrawn his substantive claims from this Court's consideration due to his failure to assert these claims in his objections to the Magistrate's report and his appellate brief. See Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir. 1984); McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); Preemption Devices v. Minn. Min. & Mfg. Co., 732 F.2d 903, 906 (Fed. Cir. 1984); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 323 (6th Cir.), cert. denied, 389 U.S. 975 (1967).
 
 
 7
 Finally, it is also concluded that the plaintiff was not entitled to a default judgment under the circumstances of this case. Cf. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); United Coin Meter v. Seaboard Coastline RR., 705 F.2d 839, 844-45 (6th Cir. 1983).
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby a affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable C.G. Neese, Senior U.S. District Judge for the Eastern District of Tennessee, sitting by designation