780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
KEVIN GILLAN, Plaintiff-Appellant,
v.
CALVIN EDWARDS, ET AL., Defendants-Appellees.
 84-1467
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 AFFIRMED
 
 1
 E.D.Mich.
 
 ORDER
 
 2
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and HIGGINS, District Judge.*
 
 
 3
 Kevin Gillan, one of three federal prisoners who filed suit in the district court, appeals from a district court judgment dismissing his suit filed as a hybrid habeas action under 28 U.S.C. Sec. 2241 and as a Bivens-type suit. Seeking declaratory, injunctive and monetary relief, and class action status, the plaintiffs sued federal officials alleging that the defendants are denying them their rights to due process, access to the courts and to be free from cruel and unusual punishment. This is allegedly being accomplished because the defendants are improperly implementing at the Federal Correctional Institution at Milan, Michigan a Bureau of Prisons regulation and a Bureau of Prisons policy statement which contain the administrative procedures for processing and reviewing prisoner grievances. Their rights, especially their right to access to the courts, are allegedly being denied because the inmates are threatened, intimidated and coerced by prison officials to not use the administrative remedy procedures, because the inmates are required to inform their unit managers of the nature of their complaint before they can file a special complaint regarding a sensitive issue directly with the Regional Director, and because inmates are required to informally attempt to settle their grievances through a two step process before they can file an administrative complaint. The plaintiffs attached three affidavits to their complaint in support of their allegations.
 
 
 4
 The plaintiff-appellant has filed an articulate and well prepared brief challenging the district court's conclusions and further asserting that his pro se complaint should be liberally construed, he should have been given an opportunity to amend, and his request for class action status should have been granted.
 
 
 5
 Upon consideration of the district court record in light of the arguments presented by the parties in their respective briefs, this Court concludes that the plaintiff-appellant's suit was properly dismissed for several reasons. Initially, it is clear that the suit was properly construed to be a Bivens-type suit, and not as a habeas action filed under 28 U.S.C. Sec. 2241. Habeas relief is designed as a remedy for illegal restraint and not as a means for seeking damages. Preiser v. Rodriguez, 411 U.S. 475, 493-94 (1973); Fay v. Noia, 372 U.S.391, 400 (1963). A suit is properly construed as a Bivens-type suit when a plaintiff seeks redress for deprivation of federally protected rights committed by defendants acting under federal law. Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983); Ellis v. Blum, 643 F.2d 68, 83 (2d Cir. 1981).
 
 
 6
 The gravamen of the plaintiffs' suit regarding the unfair enforcement of rules respecting the processing and filing of administrative complaints also clearly concern the type of "judgment calls" regarding prison management which are best left to the wide discretion and expertise of prison administrators. See Bell v. Wolfish, 441 U.S. 520, 562 (1979); Brown v. Johnson, 743 F.2d 408, 412 (6th Cir.1984); Weaver v. Jago, 675 F.2d 116, 117 (6th Cir.1982) (per curiam); Inman Ali Abdullah Akbar v. Canney, 634 F.2d 750 (6th Cir.1980) (per curiam). Plaintiffs' claims simply did not arise to a level of constitutional magnitude to warrant review by a federal court. Threats and intimidation designed to prevent the filing of administrative grievances do not allege actual infringement of a constitutional right. Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985). The Bureau of Prisons regulation, 28 C.F.R. Sec. 542, its policy statement, numbered 1330.7, and its implementation by the defendants also all appear to be reasonably related to penological objectives or legitimate goals or policies of the correctional institution so as to justify any possible restriction of the plaintiffs' constitutional rights, including their rights to access to the court. See Bell v. Wolfish, supra; Pell v. Procunier, 417 U.S. 817 (1974); Holt v. Pitts, 702 F.2d 639 (6th Cir.1983) (per curiam). Given this reasonable relationship, it is likewise clear that the individual defendants are entitled to qualified immunity as their alleged conduct would not have violated "clearly established statutory or constitutional rights of which a reasonable person would have know." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 7
 Finally, and contrary to the plaintiffs' assertion, both the regulation at section 542.13(a) and the policy statement at section 5(b) also give the Warden considerable discretion to establish local procedure § to ensure attempts are made for informal settlements before an administrative complaint may be filed. To facilitate this process, the current Warden has implemented new procedures allowing for a single-tiered attempt at settlement and for counselors and not unit managers to be responsible for the delivery of the proper forms for filing the administrative complaints. Under all the circumstances, while liberally construing the plaintiffs' pro se complaint, this Court concludes that the district court properly dismissed plaintiffs' complaint for the foregoing reasons without leave for amendment and without granting class action status.
 
 
 8
 Thus panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U. S. District Judge for the Middle District of Tennessee, sitting by designation