818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert G. COX, Plaintiff-Appellant,
v.
Lamar ALEXANDER, Governor of State of Tennessee; Steve
Norris, Commissioner; Howard Cook; and Bruce
McDonald, Warden, Defendants-Appellees.
 No. 86-5876.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff seeks review of a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. SS 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and plaintiff's briefs, the panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Plaintiff, currently incarcerated at the West Tennessee Reception Center in Memphis, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Tennessee. His claims for declaratory, injunctive, and monetary relief were based on his dissatisfaction with the State of Tennessee Department of Correction's system of inmate classification. Upon examination of the complaint, the district court concluded that plaintiff's cause of action was frivolous and therefore ordered its dismissal pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff subsequently filed this appeal.
 
 
 3
 A district court may properly dismiss an action for frivolousness under 28 U.S.C. Sec. 191 5(d) only if it, assuming the truth of all the factual allegations contained in the complaint, can conclude that the plaintiff would still not be entitled to relief upon proof of any circumstances. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986); Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985), cert. denied, 106 S.Ct. 788 (1986). This is the case in the present appeal. Plaintiff based his cause of action on conclusory statements that he was dissatisfied by the system of classification of inmates by the State of Tennessee Department of Corrections pursuant to Tenn. Code Ann. Sec. 41-1-103. The complaint provided no precise factual support for his allegations, but stated only his general conclusions that the discriminatory classification of inmates constituted cruel and unusual punishment and that the classification panel deprived inmates of a just and equitable security level in violation of the constitution. Such conclusory allegations do not sufficiently state a claim under 42 U.S.C. Sec. 1983. Smith v. Rose, 760 F.2d 102 (6th Cir. 1985). As the complaint did not provide specific facts, the district court properly concluded that the action was frivolous and should be dismissed pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff's request for the court to declare unconstitutional assignment of inmates to particular prisons according to the length of their sentences is also subject to summary disposition, for such assignments concern the type of "judgment calls" regarding prison management which are best left to the wide discretion and expertise of prison administrators. See Bell v. Wolfish, 441 U.s. 520 (1979); Weaver v. Jago, 675 F.2d 116 (6th Cir. 1982).
 
 
 4
 Accordingly, the district court's judgment entered July 15, 1986, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.