819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Asad E. MUJIHADEEN, Plaintiff-Appellant,
Herbert Abdus Salaam, Karriem Ali Shabazz, Plaintiffs,
v.
Jimmy HARRISON, Warden, Sam Cooke, Eugene Keele, Wayne
Carpenter, Officer Greer, Eugebe Cornell, Harold Bradley,
Commissioner, Officer Latham, Lynn Morris, Captain Compton,
Jeff Sims, Nanette Rhoads, Oma Wyrick, Charles Johnson, and
Danny Jones, Defendants-Appellees.
 No. 86-6039.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 Before JONES and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiffs are Muslim inmates imprisoned at Fort Pillow and Lake County Regional Prisons in Tennessee. The defendants are employees of the Tennessee Department of Corrections (TDOC) employed at those two penal institutions.
 
 
 3
 On June 17, 1982, the plaintiffs brought a 42 U.S.C. Sec. 1983 civil rights action against the defendants. In their complaint and subsequent amended complaint, the plaintiffs alleged that the defendants had violated their first, eighth and fourteenth amendment rights by refusing to issue them identification cards solely in their Muslim names and by denying them mail, commissary privileges and group religious meetings when the inmates attempted to participate in such activities using only their adopted Muslim names.
 
 
 4
 On January 30, 1986, the district court granted the defendants' motion to dismiss. In so doing, the trial court reasoned that the defendant state officials enjoyed qualified immunity from damages and that the newly adopted TDOC policy regarding name changes had rendered the plaintiffs' equitable claims moot. After filing an unsuccessful motion to reconsider, the plaintiffs appealed to this court.
 
 
 5
 Having reviewed the record and the briefs, we affirm the judgment of the district court. The question of prisoner name changes is a matter of unique concern to prison administration. Akbar v. J. P. Canney, 634 F.2d 339, 340 (6th Cir.), cert. denied, 450 U.S. 1002 (1980). Consequently, considerable deference is afforded a prison administrator's expertise in such matters. While a prisoner's right to exercise his religious beliefs does not cease upon imprisonment, Walker v. Mintzes, 771 F.2d 920, 929 (6th Cir. 1985), the state may impose such restrictions as are necessary and reasonable in time, place and manner. 771 F.2d at 930. The restrictions imposed under the current TDOC policy are both necessary and reasonable, and represent a proper balance of the state's legitimate interest in prison safety and the constitutionally protected interest involved. See Weaver v. Jago, 675 F.2d 116, 117 (6th Cir. 1982).
 
 
 6
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Defendants' motion to strike the attachments to plaintiffs' brief on appeal is denied as moot.