**P.F. FLORES, Archbishop of San Antonio**

v.

**The CITY OF BOERNE.**

**No. SA–94–CA–0421.**

United States District Court, W.D. Texas, San Antonio Division.

March 15, 1995.

***ORDER ON INTERLOCUTORY APPEAL***

BUNTON, Senior District Judge.

■ **BEFORE THE COURT,** in the above-captioned cause of action, is the special issue raised by Defendant, the City of Boerne, in which Defendant challenges the constitutionality of the recently passed Religious Freedom Restoration Act, 42 U.S.C. § 2000bb [hereinafter RFRA].

## BACKGROUND

The United States Congress passed RFRA in early November of 1993 and it was signed by President Clinton on November 16, 1993.

RFRA sets out in pertinent part:

SEC. 3. FREE EXERCISE OF RELIGION PROTECTED.

(a) IN GENERAL.—Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).

(b) EXCEPTION.—Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

(1) is in furtherance of a *compelling governmental interest;* and

(2) is the least restrictive means of furthering that *compelling governmental interest.*

(emphasis supplied).

Such an Act under normal circumstances would be readily enforceable by this Court; however, it has come to the Court's attention that this Act seeks to overturn an interpretation of the United States Constitution by the Supreme Court. Indeed, in the Congressional Findings and Declaration of Purposes, the Congress specifically sought to create a heightened burden of proof standard from that held in *Employment Division v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). The Findings state in pertinent part:

(1) the framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution . . .

(4) in *Employment Division v. Smith,* 494 U.S. 872 [110 S.Ct. 1595, 108 L.Ed.2d 876] (1990) the Supreme Court virtually eliminated the requirement that the government justify burdens on religious exercise imposed by laws neutral toward religion . . .

The Purposes of this Act are—

(1) to restore the compelling interest test as set forth in *Sherbert v. Verner,* 374 U.S. 398 [83 S.Ct. 1790, 10 L.Ed.2d 965] (1963) and *Wisconsin v. Yoder,* 406 U.S. 205 [92 S.Ct. 1526, 32 L.Ed.2d 15] (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened. . . .

On February 2, 1995, the Court was made aware of Defendant's special issue during a pretrial hearing and agreed to 1) Certify the Question pursuant to 28 U.S.C. § 2403(a) to the Attorney General of the United States of America, and 2) for both parties to submit briefs addressing the constitutionality of RFRA. On March 3, 1995, Defendant submitted its brief. On March 6, 1995, Plaintiff submitted its reply brief and the Solicitor General agreed to intervene on behalf of the United States of America, likewise submitting a reply brief.

## ANALYSIS

According to the holding of *Marbury v. Madison,* "[i]t is emphatically the province

and duty of the judicial department to say what the law is." 5 U.S. 137, 1 Cranch. 137, 2 L.Ed. 60 (1803). Subsequent Supreme Court cases have echoed this fact:

> Deciding whether a matter has in any measure been committed by the Constitution to another branch of government, or whether the action of that branch exceeds whatever authority has been committed, is itself a delicate exercise in constitutional interpretation, and is a responsibility of this Court as ultimate interpreter of the Constitution.

*Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706, 7 L.Ed.2d 663 (1962). In *United States v. Nixon*, the Court stated:

> "Notwithstanding the deference each branch must accord the others, the 'judicial power of the United States' vested in the federal courts by Article III, § 1, of the Constitution can no more be shared with the Executive Branch than the Chief Executive, for example, can share with the Judiciary the veto power, or the Congress share with the Judiciary the power to override a Presidential veto. Any other conclusion would be contrary to the basic concept of separation of powers and the checks and balances that flow from the scheme of a tripartite government. The Federalist, No. 47, p. 313 (S. Mittell ed. 1938). We therefore reaffirm that it is the province and duty of this Court 'to say what the law is....'"

418 U.S. 683, 704–05, 94 S.Ct. 3090, 3106, 41 L.Ed.2d 1039 (1974).

In this instance, Congress specifically sought to overturn Supreme Court precedent as found in *Employment Division v. Smith* through the passage of RFRA. The Supreme Court in *Smith* found the heightened standard applied in *Sherbert v. Verner*, 374

U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), to be limited over the years to cases within the unemployment compensation field. *Id.* 494 U.S. at 884, 110 S.Ct. at 1603. The *Smith* Court added, "[e]ven if we were inclined to breathe into Sherbert some life beyond the unemployment compensation field, we would not apply it to require exemptions from a generally applicable [ ] law." *Id.* The Court is cognizant of Congress' Authority under Section 5 of the Fourteenth Amendment, yet is convinced of Congress' violation of the doctrine of Separation of Powers by intruding on the power and duty of the judiciary.

█ The Court is cautious in its opinion of RFRA's unconstitutionality as there has been insufficient case law, to date, construing it. *See Belgard v. State of Hawaii*, No. 93–00961 (D.Haw. Feb. 3, 1995) (holding RFRA constitutional pursuant to Congress' enforcement power under Section 5 of the Fourteenth Amendment) [1] Nevertheless, *Smith* remains the law in this area for this Court to follow pursuant to the doctrine of *stare decisis*. The doctrine of *stare decisis* is not a universal, inexorable command, especially in cases involving the interpretation of the United States Constitution. *Planned Parenthood v. Casey*, 505 U.S. ——, ——, 112 S.Ct. 2791, 2861, 120 L.Ed.2d 674 (1992) (Rehnquist, J., dissenting). "Nonetheless, the doctrine of *stare decisis*, while perhaps never entirely persuasive on a constitutional question, is a doctrine that demands respect in a society governed by the rule of law." *City of Akron v. Akron Center for Reproductive Health*, 462 U.S. 416, 419–20, 103 S.Ct. 2481, 2487, 76 L.Ed.2d 687 (1983).

### CONCLUSION

After reviewing the briefs on file and the law applicable to this area, the Court is of

---

1. This Court seriously questions the District Court of Hawaii's interpretation of RFRA's legitimacy through Section 5 of the Fourteenth Amendment. RFRA only mentions the First Amendment as the empowering provision to change the burden of proof standard to compelling interest. "Typically, the Court looks to the language of an Act or its legislative history for guidance on which power Congress understood itself to be invoking, and for factual support of its legal determination as to whether the power was invoked properly. As applied to federal law, Congress simply did not enter into such an inqui-

ry regarding RFRA." Marci A. Hamilton, *The Religious Freedom Restoration Act: Letting the Fox into the Henhouse Under Cover of Section 5 of the Fourteenth Amendment*, 16 Cardozo L.Rev. 357, 366 (1994). Furthermore, because the First Amendment is not an enumerated power of Congress, but merely a limitation, *Katzenbach v. Morgan* and its progeny are inapplicable. The First Amendment to the Constitution does not empower Congress to regulate all federal law in order to achieve religious liberty, unless it is done pursuant to an enumerated power. *Id.* at 363.

the opinion RFRA is in violation of the United States Constitution and Supreme Court precedent by unconstitutionally changing the burden of proof as established under *Employment Division v. Smith*. Accordingly, the Court is of the opinion that this order holding RFRA to be unconstitutional "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation...." 28 U.S.C. § 1292(b). Furthermore, the Court asks that expedited consideration of this appeal be had pursuant to F.R.A.P. Rule 5(a).

**IT IS ORDERED** the Religious Freedom Restoration Act of 1993 is unconstitutional.

**IT IS FURTHER ORDERED** that an Interlocutory Appeal to the Fifth Circuit Court of Appeals be had pursuant to 28 U.S.C. § 1292(b).

**IT IS FURTHER ORDERED** that expedited consideration of this appeal be had pursuant to F.R.A.P. 5(a).

**IT IS FINALLY ORDERED** the trial set for March 15, 1995 is stayed pending the outcome of the Interlocutory Appeal.