No. 94-3113

Daniel Lee Holterman          *
                              *
          Appellant,          *
                              *  Appeal from the United States
     v.                       *  District Court for the
                              *  Southern District of Iowa.
James Helling, John Emmett,   *
Robert Washington, John       *        [UNPUBLISHED]
Goetz, Thomas Hundley,        *
                              *
          Appellees.          *

Submitted:  October 19, 1995

Filed:  November 30, 1995

Before BOWMAN, HEANEY, and WOLLMAN, Circuit Judges.

PER CURIAM.

     Daniel Lee Holterman appeals the district court's adverse grant of
summary judgment in his section 1983 action against Iowa prison officials.
We affirm.

     Holterman, an Oregon inmate, was incarcerated in the Iowa State
Penitentiary from March 17, 1990 until July 8, 1993, when he was
transferred back to the Oregon Department of Corrections.  Holterman
brought this section 1983 claim against the Iowa prison officials for
failing to provide him with a kosher diet in violation of his First
Amendment free exercise rights as a Hasidic Jew.  In response to
Holterman's request for a kosher diet, prison officials instead issued him
a non-pork diet and permitted him to purchase kosher food, at his own
expense, during Jewish holidays.

There is no doubt that the Iowa State Penitentiary's policy of providing a non-pork diet and permitting special requests for kosher meals on Jewish holidays significantly restricts the free exercise of a Hasidic Jew's religious belief.  The district court granted summary judgment to the prison officials, however, concluding that they had not burdened Holterman's free exercise rights in such a way as to amount to a constitutional violation under the test set forth in Turner v. Safely, 482 U.S. 78, 89-91 (1987), and O'Lone v. Estate of Shabazz, 482 U.S. 342, 349-352 (1987).  Alternatively, the district court concluded that defendants were entitled to qualified immunity.

On appeal, Holterman contends that the district court should have reviewed his free exercise claim under the compelling interest standard revived by the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb to 2000bb-4 (1994) (RFRA).  We recognize that RFRA applies retroactively, § 2000bb-3(a), and that it applies to prisoner litigation. S. Rep. No. 111, 103d Cong. 1st Sess. at 9 (1993), reprinted in 1993 U.S.C.C.A.N. 1892, 1898-1890.  In this case, however, we do not consider the new RFRA standard for prisoner free exercise claims because Holterman failed to amend his complaint to allege a RFRA violation.  See Brown-El v. Harris, 26 F.3d 68, 69 (8th Cir. 1994).  We therefore agree with the district court that Holterman's claim should be reviewed in light of pre-RFRA standards.

Under pre-RFRA standards, a prison regulation that impinges on an inmate's constitutional rights is valid if it is reasonably related to legitimate penological interests.  O'Lone, 482 U.S. at 349; Turner, 482 U.S. at 89.  The prison officials assert that, given the few kosher diet requests in the Iowa Department of Corrections, the administrative burden and costs of providing kosher food were not warranted.  Applying the deferential Turner standard, we conclude that the penitentiary's policy was rationally related to its economic and administrative concerns.  Because we

2

affirm the district court's grant of summary judgment for lack of a constitutional violation, we need not discuss the applicability of qualified immunity in this case.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.