William MAUTE, Appellant,

v.

Frederick FRANK, Superintendent; Sharon Stickler, Unit Manager; Sergeant Booterbaugh; Mr. Palko, C.O. 1; Mr. Schreier, Chaplain; Mr. Ramirez, C.O. 1.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 1, 1995.
Decided Jan. 22, 1996.

738 ■

William Maute, pro se, as Appellant.

William E. Fairall, Jr., Assistant Counsel, for the Department of Corrections.

Before COLINS, President Judge, PELLEGRINI, Judge, and KELTON, Senior Judge.

PELLEGRINI, Judge.

This case in our original jurisdiction involves an action in mandamus begun by William Maute (Maute) against Frederick Frank, Superintendent of the State Correctional Institute at Cresson, Pennsylvania, and other officials from the Pennsylvania Department of Corrections (collectively, Prison Officials). Maute's action in mandamus requests relief from the Prison Officials' alleged violations of the state and federal Constitution and the federal Religious Freedom Restoration Act of 1993 (RFRA) [1].

In his amended petition for review in the nature of mandamus, Maute alleges that the Prison Officials unconstitutionally denied him and all Native American prisoners of the right to practice the Native American religion and beliefs by (1) denying the prisoners' access to certain items necessary to the practice of the Native American religion,[2] (2)

1. The Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb–§ 2000bb–4, was passed by the United States Congress in November of 1993 and was signed by President Clinton on November 16, 1993. RFRA provides for the free exercise of religion, and Section Three states in part:

(a) IN GENERAL—Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability except as provided in subsection (b).
(b) EXCEPTION—Government may substantially burden a person's exercise of religion

only if it demonstrates that application of the burden to the person—
(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.

2. The items which Maute claims that he and other Native American prisoners were denied access to include the following: personal sacred pipes; herbs, including but not limited to Kinnikinnik (the sacred pipe tobacco), bearberry, cedar, sage, sweetgrass and bitterroot; the use of a sweat lodge constructed of bent willow poles covered with hides, blankets or tarpaulins inside which heated rocks and water are used to create

requiring that the prisoners' hair be cut above the shoulders in contradiction to the dictates and beliefs of the Native American religion, and (3) preventing the prisoners from wearing blue cloth headbands. Maute contends that these denials prevent him and other Native American prisoners from the free exercise of their religion and, thus, violates the RFRA of 1993 and the freedom of religion protection set forth in the Constitutions of both Pennsylvania[3] and the United States. In his mandamus action, Maute seeks to compel the Prison Officials to permit him access to the requested items necessary to the practice of his Native American religion.

■ The Prison Officials have filed preliminary objections[4] to the mandamus action in the nature of a demurrer, alleging that Maute has not stated a cause of action in mandamus because he fails to demonstrate that he has a clear right to the relief requested and fails to demonstrate that the Prison Officials have a clear duty to provide such relief. The Prison Officials further contend that Maute's mandamus action must be dismissed because an adequate remedy at law exists in that Maute can pursue a 42 U.S.C. § 1983 action for civil rights violations.

■ A mandamus action will compel official performance of a ministerial act when the plaintiff establishes a clear legal right, the defendant has a corresponding duty, and there is no appropriate remedy at law. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985). *Adamo v. Cini,* 656 A.2d 576 (Pa.Cmwlth.1995). Because the purpose of mandamus is not to establish legal rights but to enforce those rights which have already been clearly established, *Hamm v. Board of Education for the School District of Philadelphia,* 79 Pa. Cmwlth. 547, 470 A.2d 189 (1984), for Maute to successfully maintain this action, he must show that his claim for relief is so clear that the Prison Officials have no choice but to give him the materials he claims necessary to practice the native American religion, i.e., it is a ministerial or mandatory but not a discretionary duty. *Aiken v. Radnor Township Board of Supervisors,* 83 Pa.Cmwlth. 190, 476 A.2d 1383 (1984).

■ Because of the crimes that prisoners committed resulting in their incarceration, prison officials are given a wide range of discretion in the promulgation and enforcement of rules to govern the prison community in order to maintain security, order and discipline. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Jones v. North Carolina Prisoners' Union,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *U.S. ex rel. Silverman v. Commonwealth of Pennsylvania,* 527 F.Supp. 742 (W.D.Pa.1981), *aff'd, Appeal of Silverman,* 707 F.2d 1395 (3rd Cir.1983). While prison officials are given wide discretion to maintain prison security, prison walls are not a barrier separating prisoners from the protection of the Constitution, *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878–79, 104 L.Ed.2d 459 (1989), including the right to the freedom of religion. *United States v. Kahane,* 396 F.Supp. 687 (E.D.N.Y.1975), *modified sub*

---

steam; buffalo skull alters; ceremonial drums; turtle shell rattles; medicine bags and cloth headbands.

**3.** Article 1, Section 3 of the Pennsylvania Constitution provides:

All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatsoever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.

**4.** Preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, relevant factual averments and all inferences fairly deductible therefrom. *Lindsley v. Robinson,* 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977). However, conclusions of law and unjustified inferences are not so admitted. *Id.* In considering whether to grant the Prison Officials' preliminary objections in the nature of a demurrer, we must consider whether Maute has stated a cause of action which, if proven, would entitle him to the relief he is seeking. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959). If, after such consideration, we doubt the propriety of dismissing the complaint, the demurrer shall not be granted. *Id.*

*nom, Kahane v. Carlson,* 527 F.2d 492 (2nd Cir.1975). Not only are the protections under the federal and state Constitution available to prisoners, RFRA protections are applicable[5] to prisoners because RFRA created a claim for anyone whose free exercise rights have been substantially burdened by the government, including free exercise claims of prisoners. *See Holterman v. Helling,* 1995 WL 702300, 1995 U.S.App. LEXIS 33290 (8th Cir.1995). However, individual rights guaranteed under the federal or state Constitution or RFRA may be curtailed whenever prison officials, in the exercise of their informed discretion, reasonably conclude that those rights possess the likelihood of disrupting prison order or stability or otherwise interfering with the legitimate penological objectives of the prison environment. *Dept. of Public Welfare, Farview State Hosp. v. Kallinger,* 134 Pa.Cmwlth. 415, 580 A.2d 887 (1990); *appeal dismissed,* 532 Pa. 292, 615 A.2d 730 (1992); *St. Claire v. Cuyler,* 634 F.2d 109 (3rd Cir.1980), *reh'g denied,* 643 F.2d 103 (3rd Cir.1980); *see also Bell v. Wolfish; Jones v. North Carolina Prisoners Union; Wilson v. Prasse,* 325 F.Supp. 9 (W.D.Pa.1971), *aff'd,* 463 F.2d 109 (3rd Cir. 1972); 42 U.S.C. § 2000bb–1.[6]

■ While an allegation of deprivation of his right to practice his Native American religion constitutes a cognizable cause of action under both the United States and Pennsylvania Constitutions, as well as RFRA, for a mandamus action to be maintainable, Maute must show that he has a clear right to relief and that the Prison Officials have a corresponding legal duty under the law. While prisoners have a right to practice their religion, neither the United States nor Pennsylvania Constitution nor RFRA automatically require that prisoners be allowed all religious items they claim necessary to practice their religion. A balancing test is imposed upon prison officials under which they determine whether the allowance of these religious articles is consistent with the orderly administration of the prison.[7] The mere fact that whether religious articles are permitted is balanced against the need for orderly administration of the prison makes it a discretionary act and not a ministerial one, making mandamus not maintainable. Consequently, Maute has failed to show a clear right to the articles requested or an absolute duty on the part of the Prison Officials to provide them.

■ Even though Maute's mandamus action should be dismissed because it involves a discretionary decision on the part of the Prison Officials, it must also be dismissed because there exists an adequate remedy at law. For the purported violations Maute alleges under both the federal and state Constitutions, as well as under RFRA, there are a number of other remedies available, including the one mentioned by Prison Officials in their brief, an action brought pursuant to 42 U.S.C. § 1983[8] for the violation of his consti-

---

5. Prison Officials argue that a claim under the RFRA must be dismissed because that statute has been declared unconstitutional by *Flores v. City of Boerne,* 877 F.Supp. 355 (W.D.Tex.1995), in which the United States District Court for the Western District of Texas held the RFRA to be unconstitutional. Because of the way we resolved this case, we need not reach that issue.

6. "Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest."

42 U.S.C. § 2000bb–1(b).

7. The Pennsylvania Code provisions governing the exercise of religion by inmates adopts a similar, albeit, more specific standard. Those provisions regarding the exercise of religion in the state's Correctional Institutions provide that:

(1) Each prisoner shall be allowed to satisfy the needs of his religious life consistent with orderly administration of the jail.

. . . . .

(5) Religious ornaments or medals pertinent to the beliefs of the prisoner shall be permitted in the jail and worn upon the person provided such ornaments or medals do not constitute contraband under the usual rules of the institution. Other religious paraphernalia should be permitted, provided it is kept and utilized in the living quarters of the prisoner and does not interfere with proper housekeeping and further provided that such paraphernalia does not constitute contraband under the usual institutional rules.

37 Pa.Code § 95.237(a)(1) & (5).

8. "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens

tutional right to freedom of religion, under which Maute would have the right to have the court balance his constitutional interest against legitimate state interests in operating its prisons. *See Weaver v. Jago,* 675 F.2d 116 (6th Cir.1982). Because, at the very least, his action is cognizable in a § 1983 action, there is an adequate remedy at law and his mandamus action must fail.

Because he is requesting a discretionary act on the part of Prison Officials rather than a ministerial one, as well as having an adequate remedy at law, the preliminary objections of the Prison Officials are granted and Maute's mandamus action is dismissed.

### ORDER

AND NOW, this 22nd day of January, 1996, the Prison Officials' preliminary objections are sustained and Maute's petition for review is dismissed.

of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress." 42 U.S.C. § 1983.