Clair Logan et al., Petitioners v. Ronald J. Marks and Ernest S. Patton, Respondents.

Submitted on briefs to MacPhail, J.

*Thomas M. Place,* for petitioners.

*Gregory R. Neuhauser,* Deputy Attorney General, with him *Francis R. Filipi,* Deputy Attorney General and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, July 18, 1983:

Petitioners, inmates at the State Correctional Institution at Camp Hill,[1] commenced an action in our original jurisdiction in the nature of an action in mandamus requesting that we enter an order requiring the Respondents to afford to Petitioners two hours of daily out-of-cell exercise and, when weather permits, outdoor exercise as provided by law.[2] An answer has been filed by Respondents raising by way of new matter the defense of collateral estoppel to which Petitioners have replied. Inasmuch as the pleadings are closed, Respondents have filed a motion for judgment on the pleadings or, in the alternative, a motion for summary judgment.[3] The motion may be granted only if there is no genuine issue of fact to be determined before judgment can be entered and the right to recovery is clear. *Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968).

The defense of collateral estoppel will apply here if the following four elements are present: 1) the issue *decided* in the prior adjudication is identical with the one now before the court, 2) there was a final judgment on the merits in the prior action, 3) the party against whom the defense is asserted was a party to the prior action or was in privity with the party in the prior action and 4) the party against whom the defense is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 345 A.2d 664 (1975).

---

[1] Although the action was commenced as a class action, a class has never been certified pursuant to the provisions of Pa. R.C.P. Nos. 1701-1716.

[2] Sections 1 and 2 of the Act of June 14, 1923 (Act), P.L. 775, 61 P.S. §§101-102.

[3] Petitioners have filed affidavits in support of their claim.

Respondents assert that the case of *DeGrange v. Robinson,* Civil action 76-358 (M.D. Pa. December 2, 1977) forecloses the Petitioners' right to relief in the case *sub judice.* In *DeGrange* it was averred, *inter alia,*[4] that the action was brought on behalf of all other inmates of the State Correctional Institution at Camp Hill,[5] that inmates confined in the Behavioral Adjustment Unit were released from their cells just 15 minutes each day from Monday through Saturday and were denied outdoor exercise and that this restriction on the inmates' exercise rights under the Act was in violation of their rights under the 8th and 14th Amendments to the United States Constitution. Among other claims for relief, the inmates asked for preliminary and permanent injunctive relief which would prohibit the officials at Camp Hill from denying the inmates' right to exercise as provided in the Act.

From the record of the *DeGrange* case presented to us, it does not appear that that case was ever tried with or without a jury; rather, on a motion by one of the inmates, an order granting partial summary declaratory judgment relief as to certain claims in the complaint was entered[6] and the inmates' remaining claims were dismissed "with prejudice" subject to the terms and conditions contained in "Stipulations for Dismissal" attached to the order. The pertinent parts of the stipulations as they affect the issue now before us are:

1. That defendants continue to make every effort to provide a maximum amount of exercise each day to inmates in the Behavioral Adjustment Unit at the State Correctional Insti-

---

[4] Several causes of action were alleged other than a violation of the Act.

[5] The class was never certified.

[6] None of which related to the exercise issue.

tution at Camp Hill as set forth in the Behavioral Adjustment Unit Procedures for Daily Management; that at a minimum inmates in the Behavioral Adjustment Unit will be provided no less than one (1) hour of exercise per day, five days a week, inclusive of showers; that a reduction in the one (1) hour exercise period is permitted only where the captain of the watch determines that due to extraordinary circumstances the one (1) hour exercise period is not possible; that where exercise is so restricted, the reasons for the reduced time shall be entered in the Behavioral Adjustment Unit Log.

. . . .

5. Individual violations of these stipulations by defendants shall not provide a basis for renewal of this action, nor shall a violation create a private cause of action in any individual against any defendant.

Respondents here argue that the proceedings and order in *DeGrange* meet the requisites for collateral estoppel or res judicata[7] to apply. Petitioners contend that the prior action does not preclude their present action because: 1) the Petitioners here were not parties in the prior action nor are they in privity with those parties and 2) the out-of-cell exercise issue was not judicially determined but rather, was resolved by the parties themselves.

Respondents do not maintain that the Petitioners are identical with any of the complainants in *DeGrange* but they do contend that inasmuch as the complainants in *DeGrange* were inmates in the same institution as Petitioners and that the *DeGrange* case

---

[7] Although there are similarities between res judicata and collateral estoppel, they are different concepts in the law and the requisite elements differ. *Safeguard Mutual Insurance Co.*

was a class action, privity does exist. Privity here means mutuality of interest. Black's Law Dictionary 1079 (5th ed. 1979). Even where there is privity, however, persons in a second action who were not actually before the court in the first action may have such interests as to justify relitigation of an issue actually determined in the prior action. Restatement of Judgments 2d §28 comment h (1982). Thus, in two federal cases, *Hoggro v. Pontesso*, 456 F.2d 917 (10th Cir. 1972) and *Long v. Parker*, 390 F.2d 816 (3rd Cir. 1968), prisoners who were not named as parties in a prior action involving the free exercise of religion were not barred from relitigating that same issue where the passage of time left room for disparate circumstances. In the instant case, the prior order was entered December 2, 1977 while the present action was commenced April 5, 1982. We conclude that although there may be privity of interest between the named Plaintiffs in the prior action and the Petitioners here, circumstances may have changed with the passage of time to such a degree that the prior action is not a bar to a relitigation of the issue.

Of more importance, however, is the requisite for collateral estoppel that the issue before us now must have been actually *decided* in the prior case and a final judgment entered on the merits. As we have seen, the exercise was not decided by the trial judge in the prior case; rather, the case was dismissed on the basis of a stipulation. An issue is not actually litigated if it is the subject of a stipulation between the parties. Restatement of Judgments 2d §27 comment e (1982). It is true that a stipulation such as was entered here is binding upon the actual parties to the prior action because the stipulation so states, but none of the Petitioners were parties in the prior action and the class action was never certified in the prior action to include the Petitioners.

It has been held that judgment may not be entered on the pleadings where an affirmative defense set forth in an answer is specifically denied in the reply thereto because the issue thus joined cannot be resolved on the basis of the pleadings alone. *Goldman*. We must, accordingly, deny the motion for judgment on the pleadings.

Since Respondents' right to prevail must be clear before we may grant summary judgment, that motion, likewise, must be denied for the reason that the principle of collateral estoppel may not be applied here to defeat Petitioners' cause of action.

### ORDER

The motion of Ronald J. Marks and Ernest S. Patton for judgment on the pleadings or in the alternative for summary judgment is denied.