**UNITED STATES COURT OF APPEALS**

**Filed 4/10/96**

_____

| | | |
|---|---|---|
| KIM ANN NICHOLSON MOEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 95-2212 |
| | ) | (D.C. No. CIV-91-677-MV/JHG) |
| OSCAR EARL, Deputy, All Of The Defendants, | ) | (D. New Mexico) |
| Individually And In His Official Capacity; JACK | ) | |
| COUSSONS, Deputy; CLAIRE MAY, Deputy; | ) | |
| ALAN BATTS, Deputy; FRANK CATHEY, | ) | |
| Deputy; JAMES WEBSTER, Deptuy; ERNIE | ) | |
| MOISER, Deputy; MIGUEL CHAVEZ, Deputy; | ) | |
| HERB HAMPY, Deputy; RICHARD MCNUTT, | ) | |
| Deputy; TOM CUNNINGHAM, Deputy; | ) | |
| ROBERTO GONZALES, Deputy; ERNEST | ) | |
| BOWEN, Deputy; JIM CLAY, Deputy; ORAN | ) | |
| ROBNETT, Deputy; GRACE PUMMEL, Deputy; | ) | |
| FRED GIFFORD; JUDY MAXWELL; LUNA | ) | |
| COUNTY SHERIFF'S DEPARTMENT, and | ) | |
| Agents, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Kim Ann Nicholson Moen appeals the district court's order granting summary judgment for defendants on her 42 U.S.C. § 1983 claim that she was denied a vegetarian diet in violation of her First Amendment right to freedom of religion during her 18-day confinement in the Luna County Jail. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Ms. Moen is a Buddhist who follows a vegetarian diet in accordance with her religious beliefs. Ms. Moen claims that when defendants denied her request for a vegetarian diet she was left with "the Hobson's choice either of consuming a diet infused with forbidden meat products and violating her religious beliefs or of not eating." The district court granted defendants' motion for summary judgement, holding that "[t]here is no evidence in the record the defendants knew Ms. Moen was a vegetarian for religious reasons." Her first motion for rehearing was denied. On her second motion for reconsideration a new court found that while there was evidence establishing defendants knew her desire for a vegetarian "diet was based, at least in part, upon her religion," the motion for summary judgment was properly granted because Ms. Moen did not overcome defendants' assertion of qualified immunity by proving that defendants had violated the clearly established law. On appeal Ms. Moen raises one issue: "Did the trial court err when it granted summary judgment and then denied Ms. Moen's motion for reconsideration of the dismissal of her claim that her clearly established First Amendment right to free exercise of religion was violated by defendants when they denied her the vegetarian diet required by her religious beliefs while she was

2

a pre-trial detainee in their jail facility?"

We review the grant or denial of a motion for summary judgment on the issue of qualified immunity de novo. *Wilson v. Meeks*, 52 F.3d 1547, 1551 (10th Cir. 1995). As an appellate court, "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotations omitted).

Prior to reaching its substantive determination, the district court rejected defendants' claim that they were entitled to qualified immunity because it was not clearly established in 1989 "that a detention center policy restricting sincerely held religious beliefs is valid only if the regulation is reasonably related to legitimate penological interests." When defendants raise the defense of qualified immunity the plaintiff bears a heavy two-part burden. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "The plaintiff must show (1) that the defendant's actions violated a constitutional or statutory right, and (2) that the right allegedly violated [was] clearly established at the time of the conduct at issue." *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996) (internal quotation marks and citation omitted). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

Ms. Moen was held in the Luna County Jail for an eighteen-day period in June and July of

3

1989.  Therefore, we must determine whether the right to a religious diet was clearly established in this Circuit in 1989.  Although the Supreme Court had not directly addressed the necessity of providing a religious diet to incarcerated persons, it had made it clear that a prisoner retains his or her right to freedom of religion.  *Cruz v. Beto*, 405 U.S. 319, 322-23 (1972).  The Tenth Circuit did not directly address this issue until 1991.  *LaFevers v. Saffle*, 936 F.2d 1117 (10th Cir. 1991).  We had however, remanded a case for an evidentiary hearing to determine whether several prison practices, including denial of diet or foods required by the prisoners' religion, violated the prisoners' constitutional rights.  *Hoggro v. Pontesso*, 456 F.2d 917, 918-19 (10th Cir. 1972).  Our opinion in *Hoggro*, however, did not address the merits of a prisoner's right to a religious diet.

The law in other circuits and district courts varied regarding whether prisoners were entitled to religious diets and if so under what circumstances.  See *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) ("Inmates also have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion"); *Kahane v. Carlson*, 527 F.2d 492, 495 (2d Cir. 1975) (prison officials must accommodate right of prisoners to receive diet consistent with prisoners' religious scruples); *Barnett v. Rogers*, 410 F.2d 995 (D.C. Cir. 1969).  See also *Udey v. Kastner*, 805 F.2d 1218, 1220 (5th Cir. 1986) (holding that the probable proliferation of claims and concomitant need to meet multiple distinct dietary requirements outweighed prisoner's interest in special religious diet); *Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968) (holding that a prison is not required to provide a special diet to Muslims where adequate nourishment could be obtained from regular meals without eating pork); *Africa v. Pennsylvania*, 520 F. Supp. 967, 971 (E.D. Pa. 1981).  *Cf. Childs v. Pegelow*, 321 F.2d 487, 490 (4th Cir. 1963) (dining hours and

4

practices are routine matters of prison administration which do not violate religious prisoners's constitutional rights to due process of equal protection), *cert. denied,* 376 U.S. 932 (1964). In light of the above disparity, and the silence of the Supreme Court and the Tenth Circuit on this issue in 1989, we find that the law regarding an inmate's right to be provided with a religious diet was not clearly established.

We therefore **AFFIRM** the district court's holding on the above ground.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge